NORCUM v. SAVAGE.

(Filed March 6, 1906).

*Deeds—Husband and Wife—Trust by Implication—Pleadings as Evidence—Declarations Against Interest—Remaindermen — Statute of Limitations — Adverse Possession Against Married Women.*

1.  Where a deed to the wife, who bought and paid for the land, was stolen or lost without registration, and after her death her husband procured another deed to be executed to himself, the husband held the land, by implication of law, as trustee for their children, subject to his life estate as tenant by the curtesy.

2.  An exception to the admission against the defendant of certain sections in his original answer—he having been allowed to file an amended answer—cannot be sustained.

3.  A declaration against interest made by a party in possession in disparagement of his title is competent against the defendant who claims under him.

4.  Where there was execution against a life tenant in 1869 and sale thereunder and a subsequent conveyance back by the purchaser to him, the seven years' statute of adverse possession would not begin to run against the remaindermen, till his death.

5.  The repeal of the disability of coverture by the Act of 1899 (Rev., sec. 363,) was not retroactive—no adverse possession, prior to February 13, 1899, being counted against a married woman.

6. This action to have the trust declared and a conveyance by the defendants, would be barred only by the lapse of ten years.

ACTION by Clara Norcum and others against R. T. Savage, Administrator of J. H. Parker, deceased, and others, heard by *Judge G. W. Ward* and a jury, at the Fall Term, 1905, of the Superior Court of GATES.

*W. M. Bond, L. L. Smith* and *H. S. Ward* for the plaintiffs.
*George Cowper* for the defendants.

CLARK, C. J. The *feme* plaintiffs are the children of J. H. Parker, by his first wife, Frances. The defendants are his children by his second wife. The jury found that the deed to Frances, who bought and paid for the land, was stolen or lost without registration. It was not controverted that after her death, J. H. Parker procured another deed for the land to be executed to himself by the heirs at law of the grantor. By such conveyance, J. H. Parker held the land, by implication of law, as trustee for the plaintiffs, subject to his life estate as tenant by the curtesy. *Flanner v. Butler,* 131 N. C., 157.

Exceptions 1 and 2 are to the admission against the defendants of certain sections in their original answer—they having been allowed to file an amended answer—but the exceptions cannot be sustained. *Gossler v. Wood,* 120 N. C., 69; *Cummings v. Hoffman,* 113 N. C., 267; *Guy v. Manuel,* 89 N. C., 83; *Adams v. Utley,* 87 N. C., 356. The third exception is to the testimony of a disinterested witness that he heard J. H. Parker says that the aforesaid deed to Frances had been stolen or lost, and that he did not know how he could get another. This was a declaration against interest made by a party in possession in disparagement of his title, and the defendants claim under him. It is competent against them. *Shaffer v. Gaynor,* 117 N. C., 17.

Execution against J. H. Parker in 1869 and sale thereunder and a subsequent conveyance back by purchaser to him were shown, but the seven years statute of adverse possession would not begin to run against the plaintiffs till his death, for at such execution sale only his tenancy by the curtesy passed (and not even that if his marriage was subsequent to the act of 1848), and of course the deed by the purchaser back to him could convey no more. If the latter was color of title, still the statute could not begin to run against the plaintiffs till his death, since they could have no claim to recover possession till then. *Everett v. Newton,* 118 N. C., 919. At the time of their father's death, both plaintiffs were married. The repeal of the disability of coverture by the Act of 1899 was not retroactive. By its terms no adverse possession, prior to 13 February, 1899, should be counted against a married woman. Revisal, section 363.

The action, so far as it seeks to have the trust declared and a conveyance by the defendants, would be barred only by the lapse of ten years (*Norton v. McDevit,* 122 N. C., 759,) which time began to run against the plaintiffs by the above statute, on 13 February, 1899.

No Error.