BURLINGTON HOTEL CORPORATION v. W. A. BELL.

(Filed 1 December, 1926.)

### 1. Corporations—Subscriptions—Shares of Stock—Statutes—Contracts—Fraud—"Blue-Sky" Law.

C. S., 6363, requiring that for the sale of certificates of stock the person or corporation offering them shall be licensed by the Insurance Commissioner, applies to sales of stock in a domestic corporation as well as a foreign one, irrespective of whether the same was either fraudulently procured or falls within the intent and meaning of the "Blue-Sky" law.

**2. Same—Actions.**

Where a subscription contract for purchase of shares of stock in a corporation was procured by one unauthorized by the provisions of C. S., 6363, 6367, or one who has not obtained a license from the Insurance Commissioner, the contract is not enforcible against such subscriber.

**3. Same—Commissions—Principal and Agent.**

One who sells certificates of shares of stock in a corporation upon a commission basis without having obtained a license to do so as required by C. S., 6363, 6367, comes within the inhibition of the statute, though the sale may have been effected by another acting through such solicitor without compensation. As to whether one thus acting upon commission will be regarded as an agent, *Quere?*

APPEAL by plaintiff from judgment of *Nunn, J.,* at May Term, 1926, of ALAMANCE. No error.

Action upon subscription agreement for purchase of stock of plaintiff corporation.

The jury found, in response to an issue submitted by the court, that the agreement to purchase said stock was not procured by fraudulent misrepresentations as alleged in the answer.

The court was of opinion that upon the statement of agreed facts, plaintiff was not entitled to recover, for that the subscription agreement was not in compliance with C. S., 6363 and C. S., 6367. From judgment upon the verdict and the agreed facts, plaintiff appealed to the Supreme Court.

*Brooks, Parker & Smith, and Coulter, Cooper & Carr for plaintiff. John J. Henderson for defendant.*

CONNOR, J. The only question presented by this appeal is whether C. S., 6363 and C. S., 6367 are applicable in this case. It is admitted that the subscription agreement, although in writing and signed by defendant, did not comply with C. S., 6367, and that neither plaintiff, nor its agent, by whom said subscription agreement was procured, was licensed in accordance with the provisions of C. S., 6363. No error is assigned upon this appeal with respect to the finding by the jury that the subscription agreement was not procured by fraudulent misrepresentations, as alleged in the answer. If the statutes are applicable, the judgment must be affirmed.

It is provided by C. S., 6363, which was in force when the subscription agreement was signed by defendant, that no corporation shall, by its agents offer for sale, or sell stock of a corporation, whether foreign or domestic, in this State, unless it has been licensed to do so by the insurance commissioner, as provided in said statute.

The Hockenberry System, Inc., a foreign corporation, was employed by plaintiff, a domestic corporation, as its agent to sell its stock; as such agent it procured the subscription agreement, signed by defendant, upon which this action is brought, and received commissions from plaintiff for procuring said agreement. It is agreed, "that neither the Burlington Hotel Corporation, nor the Hockenberry System, Inc., applied to the Insurance Commissioner of the State of North Carolina for license to transact business in this State, nor were any of the agents or representatives of either corporation licensed to transact business in the State by the Insurance Commissioner of the State of North Carolina, nor was such matter taken up with the Insurance Commissioner." While it may be doubted whether the contract between the Burlington Hotel Corporation and the Hockenberry System, Inc., as set out in statement of agreed facts, constituted the Hockenberry System, Inc., the agent of plaintiff for the sale of stock, the parties hereto have agreed that the said Hockenberry System, Inc., was employed to sell stock and received a commission for the sale of stock to defendant. We therefore concur with the opinion of Judge Nunn that C. S., 6363 is applicable to the transaction disclosed by the record. It appears from the facts agreed upon in this case that the Hockenberry System, Inc., did more than make a survey of conditions in the town of Burlington relative to the building of a hotel in said town; its activities were not confined to conducting an intensive campaign among its citizens to raise funds for building a hotel, as a community enterprise. It was employed to sell stock of plaintiff corporation, and sold stock to defendant. It received from plaintiff a commission for making said sale. C. S., 6363 is therefore applicable.

It is provided in C. S., 6367 that no person, as principal or as agent, shall sell or agree to sell within this State stock of a corporation, unless the contract of subscription or sale shall be in writing, and contain the words set out in the statute with reference to commissions to be paid for procuring such subscription or making such sale. This statute is clearly applicable to the subscription agreement upon which plaintiff has sued defendant in this action. It appears from the subscription agreement set out in the statement of agreed facts, and which is in writing, that there was a failure to comply with the statute, for no reference is made therein to commission to be paid by plaintiff to its agent, the Hockenberry System, Inc., for procuring the subscription agreement of defendant. Plaintiff had agreed to pay and did pay such commissions on the sale of stock to defendant. It is true that it is stated that the contract for defendant's subscription was taken by a citizen of Burlington who was one of the group of workers, who served without compensation. This fact, however, cannot affect the decision

of the question here presented, for it is agreed that the Hockenberry System, Inc., received commissions upon this stock subscription, in accordance with its contract with plaintiff.

This Court has held that there can be no recovery by a party thereto upon a contract for the sale of stock of a corporation where such contract does not comply with C. S., 6363 or C. S., 6367. It is true that we said in *Bank v. Felton,* 188 N. C., 384 (opinion by *Clarkson, J.),* that the purpose and intent of the act is to prohibit organizers and promoters, whether foreign or domestic, who organize and promote the sale of what is commonly known as "blue-sky stock" from doing business in this State without complying with the statutes. We quoted with approval from *S. v. Agey,* 171 N. C., 831, the statement that "The intent of the statute is to protect our people, under the police power, from fraud and imposition by irresponsible nonresident parties." By subsequent amendment, the statute is now applicable to sales made by residents of the State as well as by nonresidents. We feel assured that these statutes and decisions by this Court in cases in which they were applicable, have been effective for the accomplishment of the purpose and intent of the General Assembly. It cannot be held, however, that they are restricted to sales of stock, which are commonly known as "blue-sky stock," or to sales made or procured by fraud. The jury in this case has found that there was no fraud in procuring the stock subscription from defendant. It is conceded that the stock of plaintiff corporation has none of the characteristics of "blue-sky stock." This, however, cannot affect the applicability of these statutes as they are now written to subscription agreements for stock in corporations, organized or to be organized, procured by agents, who receive commissions, or compensation for procuring said agreements.

In *Phosphate Co. v. Johnson,* 188 N. C., 419, we approved the principle, as applicable to these statutes, that if an act is prohibited by statute, an agreement in violation of the statute is void, although the act is not penalized, for it is the prohibition, and not the penalty, which makes the act illegal. It is immaterial whether the thing forbidden is *malum in se* or merely *malum prohibitum.* No distinction is recognized in this State between contracts which are evil in themselves and contracts which are unlawful only because prohibited by statute. *Annuity Co. v. Costner,* 149 N. C., 294. Whether it is a wise policy to require corporations such as the plaintiff, to comply with these statutes, is for the General Assembly and not for this Court to determine. If it shall be thought that C. S., 6363 and C. S., 6367, enacted by the General Assembly in the exercise of the police power of the State, for the protection of the public from an admitted evil, should be restricted so

that they will not apply to corporations, organized under the laws of this State, for legitimate purposes, who offer their stock for sale, in good faith, relief must be sought from the General Assembly. These statutes as amended, are applicable upon the agreed facts in this case. The judgment must be affirmed.

No error.