### BURLINGTON HOTEL CORPORATION v. DIXON.

(Filed 14 November, 1928.)

**1. Evidence—Evidence at Former Trial—Admissions of Record in Former Trial.**

A solemn admission put in record by the attorneys of a party are admissible in evidence against him in a subsequent action brought by him against a third party when the second action involves the same question.

CIVIL ACTION, heard by *Small, J.,* at Second May Term, 1928, of ALAMANCE.

Plaintiff instituted an action against the defendant in the court of a justice of the peace to recover the sum of $100 upon a stock subscription note for one share of stock in plaintiff corporation. The defendant admitted the execution of the note, but alleged that the note was secured by the plaintiff in a stock-selling scheme in violation of the Blue Sky law in that the plaintiff procured the Hockenbury System to sell said stock wrongfully. The plaintiff offered evidence tending to show that the stock of plaintiff was sold by citizens to various people in Burlington,

including the plaintiff, in pursuance of a patriotic and local pride undertaking to secure a hotel, and that these citizens who sold said stock received no compensation for their services whatever, and that the Hockenbury System solicited no stock subscriptions and sold no stock, but were employed for the purpose of advertising the project and of instructing, counseling and supervising teams of citizens who actually sold the stock. Mr. C. C. Haworth sold the stock in controversy to plaintiff. There was no evidence that Mr. Haworth received any compensation from any source whatever for the sale of said stock. The trial judge peremptorily instructed the jury to answer the issue of indebtedness in favor of the plaintiff.

From judgment upon the verdict the defendant appealed.

*Coulter, Cooper & Carr for plaintiff.*
*J. Dolph Long for defendant.*

BROGDEN, J. Is a pleading or solemn admission put in the record by the pleader's attorneys admissible in evidence against the pleader in a suit by the pleader against a third party involving the same question?

The defendant offered in evidence excerpts from the agreed statement of facts signed by counsel for plaintiff and constituting a part of the record in the case of *Burlington Hotel Corporation v. Bell*. This agreed statement of facts admitted that the Hockenbury System was employed to sell stock and receive a commission upon such sales. The plaintiff objected to the admission of this evidence, and the objection was sustained. In *Hotel Corporation v. Bell*, 192 N. C., 620, 135 S. E., 616, the Court expressed doubt as to whether the contract between the Burlington Hotel Corporation and the Hockenbury System constituted an agency for selling stock as contemplated by law, but the decision was based upon the admission in the agreed statement of facts contained in the record in that case.

The courts generally hold that a pleading containing an admission is competent against the pleader, in a subsequent case, on behalf of a stranger. The rulings of courts of last resort upon the subject are assembled in 14 A. L. R., p. 56. In this State the question was first considered in *Kiddie v. DeBrutz*, 2 N. C., 420. This decision was rendered in October, 1796, and held that an admission in an answer could be offered in evidence against the defendant in an action by a third person. To the same effect is the ruling in *Bloxham v. Timber Corporation*, 172 N. C., 37, 89 S. E., 1013, where it was held: "It is not necessary to the competency of a pleading, as an admission against the party, that it be one filed in an action between the same parties. A pleading filed in

any action is competent against the party if he signed it or otherwise acquiesced in the statements contained in it, if such statements are material and otherwise competent as evidence in the cause on trial, not by way of estoppel, but as evidence, open to rebuttal, that he admitted such facts." In the case at bar the defendant offered an agreed statement of facts signed by counsel for both parties in the former suit. The rule with respect to admissions contained in pleadings apply to solemn admissions signed by counsel and set out in the record. Thus, in *Guy v. Manuel,* 89 N. C., 84, the Court said: "For the admissions of attorneys in the conduct of an action are always admissible in evidence against their clients, especially when the admissions are of record. 'The admissions of attorneys of record bind their clients in all matters relating to the progress and trial of the cause. In some cases they are conclusive, and may even be given in evidence upon a new trial, though previously to such trial the party give notice that he intends to withdraw them; or, though the pleadings be altered, provided the alterations do not relate to the admissions. But to this end they must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of relaxing the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial.' "

. However, while it is competent to introduce pleadings or solemn admissions as defined by law as evidence, nevertheless the admissions so admitted are not conclusive. The party making such admissions has the legal right to show, if he can, that they were made under misapprehension or by inadvertence or mistake, or for the purpose of dispensing with formal proof, or that they were made for the purpose of presenting a particular point in the particular case under consideration. *Mason v. McCormick,* 85 N. C., 226; *Adams v. Utley,* 87 N. C., 356; *Smith v. Nimocks,* 94 N. C., 243; *Norcum v. Savage,* 140 N. C., 472, 53 S. E., 289; *Alsworth v. Cedar Works,* 172 N. C., 17, 89 S. E., 1008; *Ledford v. Power Co.,* 194 N. C., 98, 138 S. E., 424.

The plaintiff relies upon the case of *Eigenbrun v. Smith,* 98 N. C., 207, 4 S. E., 122. This case is not in point. Apparently the pleading was offered to contradict the statement of a witness who was not a party to the action.

The exclusion of the evidence so offered by the defendant was error warranting a

New trial.