STATE OF NORTH CAROLINA, EX REL. A. A. F. SEAWELL, ATTORNEY-GENERAL OF THE STATE OF NORTH CAROLINA, EX REL. ZEB V. NETTLES AS SOLICITOR OF THE NINETEENTH JUDICIAL DISTRICT, v. CAROLINA MOTOR CLUB, INC., AND AMERICAN AUTOMOBILE ASSOCIATION.

(Filed 18 March, 1936.)

1. **Attorney and Client A b—C. S., 199 (a), prohibiting the practice of law except by members of the bar, is constitutional and valid.**

C. S., 199 (a), providing that only those admitted and licensed to practice as attorneys at law may appear as attorney in any action, except appearance by a party *in propria persona*, give legal advice for a fee or any compensation, or prepare legal documents, or hold themselves out as competent to give legal advice or furnish legal services, is constitutional and valid, the right to practice law being subject to legislative regulation within constitutional restrictions and limitations, and the statute not being in contravention of any provision of the State or Federal Constitutions.

2. **Attorney and Client A a—**

The right to practice law is personal and may not be exercised by a corporation either directly or indirectly by employing lawyers to practice for it.

**3. Same—Nature and scope of practice of law in general.**

The practice of law is not limited to the conduct of cases in court, but embraces, in its general sense, legal advice and counsel and the preparation of legal documents and contracts by which legal rights are secured, although such matter may or may not be pending in court.

**4. Attorney and Client A b—Decree enjoining defendant corporation from continuing practice of law held correct upon facts found.**

The trial court found, upon supporting evidence, that defendant corporations, as a part of their services to their members rendered in consideration of the payment of annual dues, were engaged in giving legal advice, in employing attorneys for members in certain instances to collect damages out of court, in allowing lay members of the incorporated club to write letters on club stationery to persons involved in accidents with members of the club advising, at least indirectly, that such persons were liable in damages in law for negligence in causing such accidents, and in drawing up receipts stating that a certain sum was received as settlement of such damages when collections were made as a result of such letters. *Held:* The findings support the conclusion of law that defendants were engaged in the practice of law in violation of C. S., 199 (a), and judgment upon the findings that defendants be perpetually enjoined from performing such acts is affirmed on appeal.

**5. Appeal and Error J c—**

Findings of fact by the court under agreement of the parties are conclusive on appeal when based upon competent evidence.

APPEAL by defendants from *Oglesby, J.*, at September Term, 1935, of BUNCOMBE. Affirmed.

This was an action, instituted by Zeb V. Nettles, solicitor of the Nineteenth Judicial District, to restrain defendants from doing certain acts in violation of C. S., sec. 199 (a), brought upon application of certain members of the bar and of the Junior Bar Association of Buncombe County, under authority of section 199 (d). Later, on motion, the State *ex rel.* A. A. F. Seawell, Attorney-General, was made party plaintiff.

The allegations in the complaint are substantially these:

That the defendant Carolina Motor Club, Inc., is a North Carolina corporation, with branch office in Asheville, N. C., and defendant American Automobile Association is a corporation authorized to do business in North Carolina, with branch offices operated through its codefendant, Carolina Motor Club, Inc.; that the defendants, by word, sign, letter, or other advertising, hold themselves out as competent to give legal advice, to prepare legal documents and, in consideration of a payment of regular annual dues, are engaged in advising or counselling in law, acting as attorneys or counsellors at law, and in furnishing the services of lawyers without license so to do; that defendants in their advertisements hold themselves out and are engaged in furnishing the

services of lawyers to assist persons in the collection of damages out of court, furnishing legal advice with respect to the ownership, operation, or registration of motor vehicles, the furnishing of attorneys for private prosecution of criminal actions, furnishing counsel and attorneys at law to defend persons charged with criminal offenses; that defendants circulate and distribute maps on which are printed advertisements by which defendants hold themselves out as furnishing services of attorneys; that by advertisement through the Carolina Motor News defendants hold themselves out as furnishing attorneys retained by them to represent persons in need of legal advice and court action; that defendants advertise to have collected $71,780.42 through its legal department in civil damages; that defendants are and have been engaged in advising and counselling in law and furnishing the services of lawyers, and are so advertising.

The plaintiff offered the following exhibits:

Exhibit A: "The Club, through its Legal Department will give advice to members with respect to the ownership, the operation, or registration of members' cars. In addition, the Club will assist members in the collection of damages out of court. The Club does not, however, furnish legal service in civil matters which involve litigation. If, in order to collect damages, court action is necessary, the member must pay for such services to the attorney of his or her choice.

"In criminal cases involving members' cars in those courts where there is no regular prosecuting attorney, the Club will furnish an attorney to prosecute such cases. The Club will also furnish counsel to defendant members charged with criminal offenses, provided said offenses do not grow out of illegal transportation of whiskey or the operation of a car while under the influence of intoxicating beverages."

"Direct Benefits and General Services:

"Legal advice regarding registration, ownership, and operation of automobiles and defense when member is being unjustly prosecuted."

Exhibit B: "Legal Advice and Assistance." (Said words constituting a caption to a picture of a judge on the bench, with attorney, pleading case for client.)

"Legal Advice—Attorney Services assures members of advice in any case involving an automobile and defense in criminal actions accruing from operation of an automobile.

"Carolina A. A. A. Motor Club. Claim Service Department Endeavors to collect Damage for Members out of Court. Claim Service— $71,780.42 in Damage Claims Collected for Members. Carolina A. A. A. Motor Club. 6,150 Members Given Legal Advice by Club Attorneys. Legal Advice."

Exhibit C: "A. A. A. Motor Club Attorneys in the Carolinas.

"Herewith is a partial list of corresponding attorneys retained to represent Carolina Motor Club and A. A. A. Members in emergency cases. Members should bear in mind that these local attorneys should be consulted only in case of emergency. A full report of any case demanding legal advice should be filed promptly to club headquarters. It will then be handled by the Claim and Adjustment Department of the club, which may, in its discretion, turn the case over to the proper corresponding attorney."

(Follows list of approximately one hundred [100] North Carolina attorneys, with addresses.)

Defendants in their answer deny the material allegations of the complaint charging them with violating the statute, and deny they are engaged in the practice of law in any respect. Defendants allege further that these defendants, though incorporated, consist of groups of motorists banded together for their protection and for the advancement of the interest of motorists generally, both as to security and convenience, and for the enactment of wise motor vehicle laws for the safety of the public; that as incident to the service it renders, in return for the annual dues paid by its members, it uses its good offices to facilitate the amicable adjustment of small claims growing out of operation of automobiles; that in a few instances the club has employed counsel to attempt to settle property damage claims for its members, and has employed counsel to represent its members when unjustly prosecuted.

Affidavits of Coleman W. Roberts, president; J. H. Monte, secretary; and Frank D. Miller were offered by defendants and those of W. C. Maness and A. O. Mooneyham by plaintiffs.

Upon the hearing it was stipulated and agreed by all parties that jury trial in this action be waived; that the court should find the facts from the affidavits and pleadings, and render final judgment thereon. The findings of fact, conclusions of law, and judgment of the court below are as follows:

"2. That the defendant American Automobile Association is a foreign corporation or organization, but is represented in this State by its codefendant, the said Carolina Motor Club, Inc., its duly authorized agent, and that the defendant Carolina Motor Club, Inc., is a corporation organized and existing under and by virtue of the laws and statutes of this State.

"3. That the defendants are in the business of rendering certain services to motorists who become members of said organization in consideration of the payment of certain membership fees and annual dues.

"4. That among the services so rendered in consideration of the payment of said annual dues and fees, the defendant Carolina Motor Club,

Inc., and the defendant American Automobile Association, through its agent, Carolina Motor Club, Inc., maintain and have maintained what is known as a legal department and claim and adjustment department of said club or clubs.

"5. That the foregoing legal service is partially explained by an advertisement appearing in the Carolina Motor Club News for February-March, 1935, a newspaper published by Carolina Motor Club, Inc., pages 1, 2, 3, and 4 thereof, being attached to the complaint of the plaintiff, and exhibited, filed, and placed in evidence in this cause, and that said advertisement is in part as follows:

" 'Herewith is a partial list of corresponding attorneys retained to represent Carolina Motor Club, Inc., and American Automobile Association members in emergency cases. Members should bear in mind that these local attorneys should be consulted only in cases of emergency. A full report of any case demanding local legal advice should be filed promptly at headquarters. It will then be handled by the claim and adjustment department of the club, which may in its discretion turn the case over to the proper attorneys.'

"(Follows long list of attorneys located in various towns in North and South Carolina.)

"6. That said services are further explained by reference to advertisements published on maps issued by the defendants prior to April, 1935, one of which maps is attached to the complaint, and filed in evidence in this cause, which said advertisements state that attorneys' services assure members of advice in any case involving an automobile and defense in criminal actions accruing from operation of an automobile; that the claim service department endeavors to collect damages for members out of court, and that $71,780.42 has been collected by this department for members, and that 6,150 members have been given legal advice by club attorneys.

"7. That since April, 1935, said defendants have discontinued the advertising of legal services, but did not discontinue the rendering of said service until the issuance of the temporary restraining order in this cause.

"8. That defendants' services to members in criminal law consist, and has consisted, of employing counsel for private prosecution where the member desired a criminal action to be vigorously pushed against a nonmember motorist with whom he had had a collision, and in employing counsel to defend said members where, in the opinion of the agent of the club, the member was being 'unjustly prosecuted' or was not admittedly guilty of driving under the influence of intoxicating liquor, and that these services were rendered to the members by attorneys employed, retained, and paid directly by the defendants, and that said members

were entitled to said service by virtue of the payment of dues and membership fees to the defendants.

"9. That the services rendered in connection with the civil practice of the law by the defendants consists of giving legal advice, and the collection of damages out of court resulting from collision of motor vehicles; that in part this service was rendered by lay employees and agents of the club, and in part by attorneys employed, retained, and paid by the defendants, the method being in the discretion of the agents and officers of the defendants.

"10. That the defendant Carolina Motor Club, Inc., admits in open court, through the affidavit filed in this cause by its secretary, J. H. Monte, that lay members of the club have written letters on the stationery of the club to the other party involved in a collision, stating in substance that the member of the motor club was of the opinion that the property damage in question resulted from the negligent operation of the automobile by the other party involved to whom the letter was addressed, and requesting that such party mail a check in a certain amount to cover the damage occasioned, and that if necessary the defendant would write follow-up letters; and the court further finds as a fact that, in this connection, Mr. Frank D. Miller, manager of the Asheville office of the Carolina Motor Club, Inc., stated in open court that if these letters were successful and a check was received it was the practice to draw up a receipt stating merely that a certain sum had been received as settlement of the damages caused to the car of the club member; and the court further finds as a fact that, in the writing of said letters in the manner hereinabove set out, the defendants were expressing and giving an opinion, at least indirectly, by adopting or confirming the opinion of the club member as to negligence as a matter of law on the part of the claimee, and as to the proper amount of damages involved in a case of tort liability.

"11. The court further finds that both the defendants admit in paragraph 5 of their further answer and defense filed in this cause that at least in a few instances the defendants have employed attorneys to perform this 'claim and adjustment service.'

"12. That for all of the services hereinabove specifically set out the defendants receive valuable consideration in the form of dues and membership fees, and that the giving of said services by the defendants constitutes a substantial inducement to the motoring public to become members of said organization and pay the required fees and dues therefor.

"13. It further appears to the court that the State of North Carolina does not insist upon and agrees to waive its cause of action with respect to the revocation of defendant Carolina Motor Club's charter.

"Now, therefore, it is hereby ordered and adjudged that the defendants, and each of them, be and they are hereby forever and perpetually restrained and enjoined from in any way advertising or holding themselves out as competent to practice law as defined by the statutes and laws of this State; to prepare legal documents, engage in advising or counsel in law or equity or acting as attorneys and counsellors at law or in furnishing the services of a lawyer or lawyers in legal matters, civil or criminal, as a consideration for the payment of membership dues; directly or indirectly to furnish the service of a lawyer or lawyers in any civil or criminal litigation in consideration for the payment of fee for membership; from collecting, or attempting to collect, damages in or out of court as part of legal service, or settling, or attempting to settle disputes, by giving legal advice in or out of court, sounding in tort arising from collision of motor vehicles, or other vehicles, on behalf of its members or other parties, and from so settling controversies as to tort liabilities, and from in anywise engaging in the practice of law, or holding themselves out as practicing law in violation of the statutes of this State."

The defendants excepted to paragraphs 9 and 10 of the foregoing findings and judgment, and appealed to the Supreme Court.

*Zeb V. Nettles, solicitor of the Nineteenth Judicial District.*

*Weaver & Miller, appearing as amici curiœ on behalf of Junior Bar Association for Buncombe County, N. C.*

*C. C. Collins, H. E. Fisher, and Thomas S. Rollins, Jr., for defendants.*

DEVIN, J. The question presented to this Court for decision is whether the particular acts and methods of business of the defendants, as charged in the complaint and found by the court below, constitute a violation of the statute prohibiting the practice of law by unauthorized persons, and particularly by corporations and associations; and are such as to entitle the plaintiff to injunctive relief.

By chapter 157, Acts 1931 (C. S., 199-a) it is made unlawful for any corporation, person, or association, except members of the bar of North Carolina, admitted and licensed to practice as attorneys at law, "to appear as attorney or counsellor at law in any action or proceeding in any court; to maintain, conduct, or defend the same, except in his own behalf as a party thereto; or, by word, sign, letter, or advertisement, to hold out himself, or themselves, as competent or qualified to give legal advice or counsel, or to prepare legal documents, or as being engaged in advising or counselling in law or acting as attorney or counsellor at law, or in furnishing the services of a lawyer or lawyers." It

is made unlawful "for any person or association of persons, except members of the bar, for a fee or any consideration, to give legal advice or counsel, perform for, or furnish to another legal service."

And the statute further authorizes the solicitor, upon application of any member of the bar or any bar association, to bring action in the name of the State to enjoin such person, corporation, or association from violating the provisions of this act. C. S., 199 (a). *Fitchette v. Taylor,* 254 N. W., 910.

The right to practice law is not a natural one. Subject to constitutional restrictions and limitations, the Legislature has the power to prescribe the qualifications and establish the rules and regulations under which citizens may enter upon and continue in the professional practice of the law. *In re Applicants for License,* 143 N. C., 1.

The statute in question offends neither the State nor Federal Constitution. *Berk v. State,* 225 Ala., 324.

A corporation cannot lawfully practice law. It is a personal right of the individual, obtained by diligent study and good conduct, cannot be delegated or assigned and dies with him.

Since a corporation cannot practice law directly, it cannot do so indirectly by employing lawyers to practice for it. *Re Co-operative Law Co.,* 198 N. Y., 479, 32 L. R. A. (N. S.), 55; *State ex rel. Lundin v. Merchants Pro. Corp.,* 105 Wash., 12; *Photo Eng. Co. v. Schonert,* 95 N. J. Eq., 12; *Re George H. Otterness,* 181 Minn., 254; *People v. Cal. Pro. Corp.,* 76 Cal. App., 354; *People v. Merchants Pro. Corp.,* 189 Cal., 531; *Re Eastern Idaho Loan & Tr. Co.,* 49 Idaho, 280, 73 A. L. R., 1323, and note.

In recent years the courts have been frequently called upon to determine what constitutes practicing law. Probably the definition more often quoted with approval is found in *In re Duncan,* 83 S. C., 186, as follows: "According to the generally understood definition of the practice of law in this country, it embraces the preparation of pleadings and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients before judges and courts, and, in addition, conveyancing, the preparation of legal instruments of all kinds, and, in general, all advice to clients, and all action taken for them in matters connected with the law." *In re Duncan,* 83 S. C., 186; *In re Pace,* 170 N. Y. App. Div., 818, 156 N. Y. S., 641; *Barr v. Caldwell,* 173 Iowa, 18; *Ferris v. Snively,* 172 Wash., 167; *Fitchette v. Taylor,* 254 N. W., 910, 94 A. L. R., 356; *S. v. Bryan,* 98 N. C., 644.

The practice of law is not limited to the conduct of cases in court. *S. v. Richardson,* 125 La., 644. In a larger sense it includes legal advice and counsel and the preparation of legal instruments and con-

tracts by which legal rights are secured, although such matter may or may not be pending in court. *Boykin v. Hopkins,* 162 S. E., 796 (Ga.).

But the defendants in the case at bar contend they are not practicing law. They do not object to any of the prohibitions contained in the judgment except as their "claim and adjustment" department may be affected. They excepted only to paragraphs 9 and 10 of the findings and judgment of the court below.

The question whether the maintenance of a collection agency comes within the definition of practicing law has been considered by the courts in other jurisdictions, and it has been generally held that while a collection agency might lawfully, for its members and others, engage in the collection of their claims, the maintenance of a law department and through it giving free legal advice to members and the performance of the services of an attorney in collecting the claims would constitute practicing law, and that where the corporations employed attorneys to dispense legal advice and services of the sort usually furnished by lawyers to their clients, and undertook to perform various legal services through licensed attorneys paid by them, it would be regarded as an evasion of the law. *Creditors National Clearing House v. Bannwart,* 227 Mass., 579; *Midland Credit Adjustment Co. v. Donnelly,* 219 Ill., 271; *Grocers & Merchants Bureau v. Gray,* 6 Tenn., C. C. A., 87, cited in 84 A. L. R., 753; *State v. Retail Credit Men's Association,* 163 Tenn., 451; *Berk v. State,* 225 Ala., 324 (distinguishing *Kendrick v. State,* 218 Ala., 277); *Boykin v. Hopkins,* 162 S. E., 796 (distinguishing *Trust Co. v. Boykin,* 172 Ga., 437).

In the recent case (1935) of *Rhode Island Bar Association v. Automobile Service Association,* 179 Atl., 139, where the facts were very much like those in the case at bar, the questions here involved were fully discussed with citation of authorities, and a similar result reached.

The defendants in the case at bar, doubtless, perform useful services for the convenience of their members, and in the public interest with respect to the safety of motor vehicular travel and the promulgation of automobile laws and regulations, but in so far as any of their activities, methods, and conduct contravene the express provisions of the statute, they must, upon proper application, be enjoined.

The complaint in the case at bar alleges violations of law in the very terms of the statute. The findings of fact and conclusions of law determine that in certain respects the identical matters and things forbidden by the statute have been and are being done by the defendants, and the judgment enjoins them from continuing such unauthorized practices.

The findings of fact based on evidence are conclusive on appeal, and the conclusions of law of the court below necessarily follow, and must be sustained.

Judgment affirmed.