**A. DIVINE and A. Glunt Trading and doing business as Interstate Reclamation Bureau, Plaintiffs,**

v.

**WATAUGA HOSPITAL Incorporated and Vance Holland, Administrator, Defendants.**

Civil No. 190-W.

United States District Court
M. D. North Carolina,
Wilkesboro Division.

Jan. 3, 1956.

Louis H. Smith, Boone, N. C., for plaintiffs.

Trivette, Holshouser & Mitchell, North Wilkesboro, N. C., for defendants.

HAYES, District Judge.

The plaintiff is a citizen of Texas and the defendant is a North Carolina Corporation with the principal place of business and residence at Boone, N. C. The plaintiff is suing on a written contract under the terms of which the plaintiff alleges a breach by the defendant resulting in damages in excess of three thousand dollars. The amount alleged in the complaint, if it is alleged in good faith and shows a bona fide controversy, determines the jurisdiction. The amount in controversy rather than the amount recovered is determinative.

The defendant executed instruments of writing on a printed form furnished by the plaintiff by which the defendant assigned certain enumerated accounts to the plaintiff for collection and the plaintiff was to have 25% of the amount collected for its fee, 50% was to be remitted to the defendant and the other 25% to the charity ward of the defendant. The total of the claims aggregated a sum of $17,657.87. The documents were signed July 23, 1953 and the defendant cancelled the contracts the latter part of October, 1953. The plaintiff alleges that this cancellation entitled it to full commission as if it had collected every dollar of the accounts, basing its contention on this sentence of the contract: "Upon acceptance by client (defendant) of new obligation of debtor or when further proceedings are ordered held or stopped or accounts are with-

drawn full commission will be allowed." It is upon the validity of this sentence the suit is brought. It is sufficient to meet jurisdiction requirements.

The plaintiff is a collecting agency and as such can not transact business within the state of North Carolina without making application, paying a fee and obtaining a permit from the state Insurance Commissioner. N.C. Gen.St. Art. 9, § 66–41 et seq. Paragraph 47 makes it a misdemeanor to engage in the business without the permit. The plaintiff contends that it is engaged in interstate commerce, using the mails only to collect accounts. If it did nothing more than use the mails the contention would be valid. But it sent its agent into North Carolina to solicit the accounts for collection and the contracts were signed only by the defendant and here in North Carolina. The accounts were against patients of the defendant residing in North Carolina and the contract was to be performed in North Carolina. It was a North Carolina contract and must be construed according to the laws of this state.

An agreement should be interpreted as a whole and the meaning gathered from the entire contract, and not from particular words, phrases, or clauses. The entire agreement is to be considered to determine the meaning of each part. Atlantic & N. C. R. Co. v. Atlantic & N. C. R. Co., 147 N.C. 368, 382, 61 S.E. 185, 23 L.R.A.,N.S., 223; Atlantic Coast Line R. Co. v. Norfolk Southern R. Co., 236 N.C. 247, 72 S.E. 2d 604; 12 Amer.Jur.Sec. 241.

In boxcar letters, the contract in the first part contains these words: "NO COLLECTION NO CHARGE" In the beginning of the next paragraph is this sentence: "Commission is charged on all money or its equivalent paid at any time whether to company or client." The last sentence in that paragraph is: "Upon acceptance by client of new obligation of debtor or when further proceedings are ordered held or stopped or accounts are withdrawn full commission will be allowed." The latter part of this sentence would be in harmony with the other parts of the contract and would apply as to all collections whether paid to plaintiff or defendant and equally applicable if defendant accepted a new obligation in lieu of money, but the clause, if it is intended to make the defendant liable for commissions on accounts not collected, is repugnant to the entire contract and is void. Jones v. Pennsylvania Casualty Co., 140 N.C. 262, 52 S.E. 578, 5 L.R.A.,N.S., 932; Gulf Refining Co. v. Charlotte Construction Co., 157 N.C. 277, 72 S.E. 1003.

Next the contract forms executed by the defendant are not under seal, no consideration is cited to support them, and the plaintiff does not obligate itself or promise to do or forego the doing of anything to support the agreements. It is purely and simply an agreement authorizing the plaintiff to collect the enumerated accounts and to retain 25% fee for its services on the accounts paid through its efforts, whether paid to plaintiff or defendant. Being a unilateral contract, it is subject to cancellation at will.

The mere appointment of an agent and authority to collect a debt is terminable at will under the law of this state and no compensation is recoverable under such circumstances after the appointment is revoked. Brookshire v. Voncannon, 28 N.C. 231; Abbott v. Hunt, 129 N.C. 403, 40 S.E. 119; Olive v. Kearsley, 183 N.C. 195, 111 S.E. 171. To like effect, See Wilcox & Gibbs Sewing Machine Co. v. Ewing, 141 U.S. 627, 12 S.Ct. 94, 35 L.Ed. 882.

The evidence discloses that the plaintiff recovered $371.25 on the accounts while only $9.00 was paid to defendant. Plaintiff never remitted or accounted for the collections received by it. Defendant did not remit to plaintiff its commission on the $9.00 recovered by it. Adding the amount of $9.00 paid to defendant to the $371.25 paid to plaintiff gives a total of collections up to cancellation of the contracts of $380.25; the

plaintiff is entitled to retain one-fourth, $95.06, and defendant is entitled to a judgment against the plaintiff for the sum of $276.19 and the costs, and the plaintiff is not entitled to recover anything of the defendant.

 There are still other reasons why the plaintiff, in any event, can not recover. Plaintiff was doing business in this state in violation of G.S. 66–41 et seq. It was engaged in the practice of law in violation of the laws of North Carolina as construed in Seawell v. Carolina Motor Club, 209 N.C. 624, 184 S.E. 540. Not only is a corporation prohibited from practicing law directly, it can not do so indirectly by employing lawyers to practice for it. Ex. 15 is a letter from plaintiff to debtor. The heading states plainly "Has corresponding bonded attorneys in all counties of the United States—Repossessions—Financial Adjustments." The body of the letter is in footnote,[1]

In plaintiff's Ex. 8, it proclaims in the heading that it has corresponding bonded attorneys in all counties of the United States and: "Branch Offices: Cincinnati — Charlotte — Mobile — Atlanta — Salt Lake City—Interstate Building, Houston, Texas." Plaintiff's Ex. 10 on its letter head in big letters describes plaintiff as "Liquidation Specialists—Collections Nationwide—Founded to Preserve Stability—Correct Abuses and Aid in rectifying violations against Creditors."

 Our jurisdiction is founded on diversity of citizenship and we must follow the law of North Carolina. The plaintiff is not entitled to carry on such business in North Carolina because it is violating the law of the State by conducting within the State a collecting business on a commission basis and practicing law in this State in violation of law as defined in State v. Carolina Motor Club, supra. The court will not aid a plaintiff to enforce a contract which the plaintiff can not legally perform. Pfeifer & Co. v. Love's Drug Co., 171 N.C. 214, 88 S.E. 343; Courtney v. Parker, 173 N.C. 479, 92 S.E. 324; Burlington Hotel Corp. v. Bell, 192 N.C. 620, 135 S. E. 616; Standard Fashion Co. v. Grant, 165 N.C. 453, 81 S.E. 606; Planters Bank & Trust Co. v. Felton, 188 N.C. 384, 124 S.E. 849. The State has a right to prescribe the qualifications of those who practice law, Seawell v. Carolina Motor Club, supra, and to regulate the conditions under which persons or corporations may conduct a collection business on a commission basis within the state. The courts will not permit a plaintiff to profit when he is conducting such business in violation of the law, nor afford him any relief to enforce such a contract or to recover damages for its breach. Courtney v. Parker; Planters Bank & Trust Co. v. Felton, supra; Burlington Hotel Corp. v. Bell, supra.

 Finally, the plaintiff, while not required by any clause in the contract, failed to remit promptly defendant's money. Although plaintiff admits making collections between July 23rd and the cancellation the latter part of October, it did not remit the part admittedly due the defendant. The withholding of the collections for such an unreasonable time was a breach of a duty an agent owes to his principal and particularly is this true where one acts in a fiduciary capacity to

1. You Are Hereby Notified That We Will Commence Action To Secure Judgment Against You In The Above Entitled Matter of Claim.
Unless The Same Shall Be Remitted or Paid At This Office Within Ten Days.
Upon Obtaining Judgment The Sheriff Will Be Instructed To Levy and Attach Certain Property and Personal Effects of The Defendant, Sufficiently to Satisfy The Just Demands of This Claim.
Interstate Reclamation Bureau
Executive Offices
1209 Crawford St., Houston 3, Texas

Your account is now with *this* office for settlement.
We will not be responsible for your financial loss or embarrassment unless payment is made *direct to us*.

collect an account, as is true here. The defendant had legal cause to terminate the matter, hence plaintiff can not recover for a breach, if there had been one, when his own wrongful conduct caused it.