FRED W. DRURY, PLAINTIFF v. E. B. DRURY AND WIFE, MARY DRURY, AND ROBERT L. HOLLAND, DEFENDANTS

— AND —

ROBERT L. HOLLAND, CROSS-CLAIMING DEFENDANT v. E. B. DRURY AND WIFE, MARY DRURY, DEFENDANTS

No. 7420SC810

(Filed 18 December 1974)

1. **Rules of Civil Procedure § 50— directed verdict for party with burden of proof**

Ordinarily, it is not permissible to direct a verdict in favor of a party who has the burden of proof; however, the court may direct a

verdict when the issue submitted presents a question of law based on admitted facts.

2. **Estoppel § 3— ownership alleged in complaint — no estoppel subsequently to deny interest in proceeds from property**

Where defendants brought an action to set aside a deed, the case was removed to federal court and defendants filed an "amended complaint" alleging that plaintiff was the record owner of two-sevenths of the land in question and, as such, should be joined as a necessary party "in order that his interest, if any, in the subject controversy may be determined," the amended complaint did not amount to a sufficient admission of plaintiff's interest in the property to estop defendants from denying plaintiff's interest in the proceeds therefrom.

APPEAL by defendants E. B. Drury and wife, Mary Drury, and Robert L. Holland from *Seay, Judge,* 3 June 1974 Civil Session of Superior Court held in UNION County. Heard in the Court of Appeals on 18 November 1974.

This is a civil action in which plaintiff Fred W. Drury seeks to recover two-thirds out of a total of $90,850.80 on deposit in the Office of the Clerk of Superior Court of Union County. Defendant Holland cross-claims against co-defendants E. B. Drury and wife, Mary Drury, to recover for legal services arising out of a transaction that is the subject matter of the original action by Fred W. Drury.

The record discloses that E. B. Drury and his wife conveyed by gift a large tract of land to Bob Jones University. Thereafter, they brought an action in the Superior Court of Union County to set aside the deed. The case was removed to federal district court where E. B. Drury and his wife, through their attorney, Robert L. Holland, filed an "amended complaint" alleging that Fred W. Drury was the record owner of two-sevenths of the tract conveyed and, as such, should be joined as a necessary party to the action under N.C.G.S. 1A-1, Rule 19 (sic). The time for amending the complaint as a matter of right had expired, but the federal court treated the pleading as a motion and joined Fred W. Drury as a third-party defendant so that his interest in the property could be determined. This action in federal court was terminated by a settlement agreement under which Bob Jones University agreed to pay $90,643.50 by check to E. B. Drury, Mary Drury, Fred W. Drury, and Robert L. Holland as joint payees. Fred W. Drury then brought the present action in superior court alleging that he is entitled to two-thirds of this money. Defendant Robert L. Holland cross-claimed against co-defendants E. B. Drury and

Mary Drury to recover his fee for the earlier action in federal court, which he alleged was equal to one-third of any amount found to be due the co-defendants, less a retainer fee of $1,500. It was stipulated that the total amount involved was actually $90,850.80. At trial, the court excluded defendants' evidence tending to show that Fred W. Drury had no interest in the property conveyed to Bob Jones University. At the close of all the evidence, the trial court granted Fred W. Drury's motion for a directed verdict in the amount of $60,567.20 (two-thirds of $90,850.80). On defendant Holland's cross-claim the jury returned a verdict in his favor for $8,471.03. Defendants E. B. Drury, Mary Drury, and Robert L. Holland appealed.

*Williams, Willeford, Boger & Grady, by John Hugh Williams, H. W. Calloway, Jr., and Kenneth B. Cruse, for plaintiff appellee.*

*Seawell, Pollock, Fullenwider, Van Camp & Robbins, by H. F. Seawell, Jr., and Bruce T. Cunningham, Jr., for defendant appellants E. B. Drury and Mary Drury.*

*Griffin & Humphries, by Charles D. Humphries, for defendant appellant Robert L. Holland.*

MARTIN, Judge.

Defendants E. B. Drury and Mary Drury contend the trial court erred in directing a verdict against them at the close of all the evidence. Plaintiff Fred W. Drury argues that the directed verdict was proper, because defendants admitted in their "amended complaint" in federal court that plaintiff Drury owned a two-sevenths interest in the tract of land, and they are now estopped to deny that fact in the present action. Furthermore, plaintiff seeks to buttress his argument of estoppel by referring to the terms of the settlement agreement in the federal action. He argues: (1) the settlement agreement by express terms was based on three-sevenths of the sale proceeds received by Bob Jones University from the tract; (2) the figure "three-sevenths" derived from a recognition of plaintiff's two-sevenths interest in the tract; (3) the remaining one-seventh was designated to go to defendants E. B. Drury and Mary Drury for their expenses in the federal action; (4) therefore, it was intended that plaintiff would have two-thirds of the total settlement of $90,850.80. Plaintiff fashions a reasonable explanation of the settlement agreement. Even so, the settlement agreement does

not expressly give plaintiff two-thirds of the $90,850.80. Nor do we think this is the only reasonable inference to be drawn therefrom. Therefore, we turn to the matter of the "amended complaint" to determine if it estops defendants from denying plaintiff's two-sevenths interest in the tract of land and hence his interest in the proceeds as well. If it does not, then clearly the settlement agreement, by itself, does not either.

[1]   In the present case the trial court directed a verdict for the plaintiff. Ordinarily, it is not permissible to direct a verdict in favor of a party who has the burden of proof. However, the court may direct a verdict when the issue submitted presents a question of law based on admitted facts. *Chisholm v. Hall*, 255 N.C. 374, 121 S.E. 2d 726 (1961). The question before us is whether defendants' amended complaint in the federal court amounts to a sufficient admission of plaintiff's interest in the property to estop them from denying plaintiff's interest in the proceeds therefrom. We hold that it does not.

A full discussion of the role of a pleading containing an admission and offered against the pleader in a subsequent action is found in *Hotel Corporation v. Dixon*, 196 N.C. 265, 145 S.E. 244 (1928). "[W]hile it is competent to introduce pleadings or solemn admissions as defined by law as evidence, nevertheless the admissions so admitted are not conclusive. The party making such admissions has the legal right to show, if he can, that they were made under misapprehension or by inadvertence or mistake, or for the purpose of dispensing with formal proof, or that they were made for the purpose of presenting a particular point in the particular case under consideration. [Citations.]" *Hotel Corporation v. Dixon, supra*. Also, in such a case, the pleading "is competent against the party if he signed it or otherwise acquiesced in the statements contained in it, if such statements are material and otherwise competent as evidence in the cause on trial, not by way of estoppel, but as evidence, open to rebuttal, that he admitted such facts." *Bloxham v. Timber Corporation*, 172 N.C. 37, 89 S.E. 1013 (1916), quoting 1 Enc. of Evidence, p. 425.

[2]   In the present case, the "amended complaint" filed in the federal court alleged that Fred Drury was the owner of two-sevenths of the disputed tract of land. It requested that Fred W. Drury be joined as a party "in order that his interest, if any, in the subject controversy may be determined." A party should not be required to make such an allegation for the purpose of

joining a necessary party at the risk of being estopped to deny its truthfulness in a subsequent action. Furthermore, it is not apparent, as a matter of law, that the allegation in question did admit to Fred W. Drury's ownership in the property.

The pleading from the prior federal action was used to estop defendants from rebutting plaintiff's assertion of an interest in the property and the proceeds therefrom. Consequently, defendants suffered a directed verdict. Under such circumstances, defendants E. B. Drury and Mary Drury are entitled to a new trial. As to Holland, however, it appears that the jury, in effect, found that he was entitled to one-third of the recovery had by E. B. Drury and wife. On appeal, the percentage or fractional portion is not in dispute. Holland concedes that the one-third fraction is in accord with his agreement. E. B. Drury does not make any argument at all with respect to this question. It, therefore, appears that Holland is entitled to one-third of that portion of the $90,000 settlement which is finally adjudged to be due E. B. Drury and wife. It follows that there is no need for this portion of the litigation to be retried. Upon retrial of the Fred Drury action, any judgment entered shall provide for the payment to Holland of one-third of that portion of the proceeds of settlement payable to E. B. Drury and wife.

New trial.

Judges CAMPBELL and MORRIS concur.