## STATE v. FLOYD RICHARD PLEDGER.

(Filed 19 September 1962.)

**1. Attorney and Client § 1—**

The preparation of legal documents and contracts by which legal rights are secured constitutes practicing law. G.S. 84-2.1.

**2. Same—**

G.S. 84-4 proscribes the preparation of legal documents by a lay person for another person, firm, or corporation, but does not prohibit a lay person from preparing legal documents so long as he has a primary interest in the transaction, and therefore prepares such documents not for another but for himself.

**3. Same—**

A corporation can act only through its officers, agents, and employees, and therefore a lay person who is an officer, agent, or employee of a corporation may prepare legal documents for the corporation when the corporation has a primary interest in the transaction for which the documents are prepared, since his act in so doing is the act of the corporation in furtherance of its own business.

**4. Same—**

Where the evidence permits the inference that a lay person prepared legal documents for a corporation and that such lay person was not an agent or employee of the corporation, nonsuit is properly overruled in a prosecution of such lay person for the unauthorized practice of law.

**5. Criminal Law §§ 135, 141—**

Prayer for judgment may be continued from term to term without defendant's consent if no conditions are imposed, and when prayer for judgment is continued there is no judgment and no appeal will lie.

**6. Criminal Law § 87—**

Where indictments are consolidated for trial, the counts in the separate bills of indictment will be treated as separate counts in one bill.

**7. Criminal Law § 141—**

Where several indictments are consolidated for trial and final judgment is imposed upon conviction on some of the counts and judgment is continued as to other counts, the appeal from the judgment is permissible, and all counts are before the Supreme Court, but as to counts upon which prayer for judgment was continued the cause must be remanded, and as to them the cause remains in the trial court for appropriate action upon motion of the solicitor, with right of defendant to appeal from any final judgment adverse to him entered thereon.

APPEAL by defendant from *Parker, J.,* June 1962 Criminal Term of CRAVEN.

Defendant is charged in eight criminal cases, docket nos. 5773 to 5780, inclusive, with unauthorized practice of law in violation of G.S. 84-4.

The indictments allege that defendant prepared directly "and through others" eight deeds of trust for other persons and corporations, he not being a member of the North Carolina Bar and not being licensed to practice as an attorney at law. The beneficiary in the deeds of trust referred to in the indictments in cases 5773, 5774 and 5775

is Designed for Living, Inc. The beneficiary in the deeds of trust referred to in the indictments in cases 5776, 5777, 5778, 5779 and 5780 is Century Home Builders, Inc.

The evidence tends to show: Century Home Builders, Inc., is engaged in the sale and construction of "shell" homes. Its principal office is in Lumberton, North Carolina, and it has a branch office in New Bern. At the times mentioned in the indictment defendant was its employee and was in charge of the New Bern office. He solicited sales, and when time sales were made deeds of trust were prepared by him or under his direction for his corporate employer. Printed forms were used and preparation consisted in inserting in blank spaces the names of the parties to the instrument, the description of the land, and the terms of the instruments. Defendant also saw to the execution, acknowledgment and recordation of the deeds of trust. The eight deeds of trust referred to in the indictment were prepared by defendant or under his supervision by his secretary. He is not a member of the North Carolina Bar and is not a licensed attorney at law. Designed for Living, Inc., has its principal office in Atlanta, Georgia.

The cases were consolidated for trial. Defendant pleaded not guilty in each case. The jury returned a verdict of "Guilty as charged."

The court entered judgments as follows: In case 5776, two years. In case 5777, two years, to begin at the expiration of the sentence in 5776. In case 5779, two years, to begin at the expiration of the sentence in 5777. In cases 5773, 5774, 5775, 5778 and 5780 "Prayer for Judgment continued." The prison sentences were suspended upon certain conditions.

Defendant appeals.

*Attorney General Bruton and Staff Attorneys Richard T. Sanders and Ralph M. Potter for the State.*

*Charles L. Abernethy, Jr., for defendant.*

MOORE, J. It is charged that defendant engaged in unauthorized practice of law. The bills of indictment are grounded on G.S. 84-4 which, in pertinent part, provides: ". . .(I)t shall be unlawful for any person or association of persons except members of the Bar, for or without a fee or consideration, to . . . prepare for another person, firm or corporation, any . . . legal document."

A deed of trust is a legal document. Practice of law embraces the preparation of legal documents and contracts by which legal rights are secured. G.S. 84-2.1; *Mills v. Cemetery Park Corp.*, 242 N.C. 20, 25, 28, 86 S.E. 2d 893; *Seawell, Attorney-General v. Motor Club*, 209 N.C. 624, 631, 184 S.E. 540; *Re: S. E. Matthews*, 62 P. 2d 578, 111

A.L.R. 13 (Idaho 1936). See also 111 A.L.R., Anno — What amounts to Practice of Law, p 19.

The evidence for the State tends to show that the deeds of trust in question were prepared by defendant directly or under his supervision, and that he is not a member of the North Carolina Bar and is not a licensed attorney at law. The crucial question on this appeal is: Did he prepare the documents "for another person, firm or corporation" within the intent and meaning of the statute?

It was not the purpose and intent of the statute to make unlawful all activities of lay persons which come within the general definition of practicing law. G.S. 84-2.1. Any adult person desiring to do so may prepare his own will. A person involved in litigation, though not a lawyer, may represent himself and either defend or prosecute the action or proceeding in a tribunal or court, even in Supreme Court, and may prepare and file pleadings and other papers in connection with the litigation. A person, firm or corporation having a primary interest, not merely an incidental interest, in a transaction, may prepare legal documents necessary to the furtherance and completion of the transaction without violating G.S. 84-4. The statute was not enacted for the purpose of conferring upon the legal profession an absolute monopoly in the preparation of legal documents; its purpose is for the better security of the people against incompetency and dishonesty in an area of activity affecting general welfare. *Seawell, Attorney-General v. Motor Club, supra; People ex rel. Chicago Bar Asso. v. Goodman,* 8 N.E. 2d 941, 111 A.L.R. 1 (Ill. 1937); *In re Cohen,* 159 N.E. 495 (Mass. 1928). Automobile, furniture, and appliance dealers prepare conditional sale contracts. Banks prepare promissory notes, drafts and letters of credit. Many lending institutions prepare deeds of trust and chattel mortgages. Owner-vendors and purchasers of land prepare deeds. *Copeland v. Dabbs,* 129 S. 88 (Ala. 1930). Almost all business concerns prepare contracts in one form or another. All such activities are legal and do not violate the statute so long as the actor has a primary interest in the transaction. *Cain v. Merchants National Bank & Trust Co.,* 268 N.W. 719 (N.D. 1936); *In re Kelsey,* 173 N.Y.S. 860 (1919); 9 N.C. Law Rev. 291, 293. For example, the grantor or the beneficiary in a deed of trust may prepare the instrument with impunity if the latter is extending credit to the former; the named trustee may not do so, for his interest is only incidental. A corporation can act only through its officers, agents and employees. A person who, in the course of his employment by a corporation, prepares a legal document in connection with a business transaction in which the corporation has a primary interest, the corporation being authorized by law and its charter to transact such business, does not violate the

statute, for his act in so doing is the act of the corporation in the furtherance of its own business.

Century Home Builders, Inc., is in the business of selling houses. In this connection its extends credit to purchasers and takes deeds of trust as security. Defendant at the times in question was its employee and manager of its New Bern office, and was charged with the prosecution of its business. His acts in preparing deeds of trust, to secure the indebtedness of buyers incurred in the purchase of houses from Century, were not violative of G.S. 84-4. As to the defendant, Century was not "another . . . corporation." In cases 5776, 5777, 5778, 5779 and 5780, the court below erred in denying defendant's motion for nonsuit.

Designed for Living, Inc., is a foreign corporation with its principal office in Atlanta, Georgia. In his argument in Supreme Court defendant's counsel stated that this corporation is a finance company. The evidence in the record, considered as a whole, permits the inference that defendant was not such agent or employee of Designed for Living, Inc., as to allow him to prepare deeds of trust on its behalf without being liable to the penalty of the statute. As to the defendant, this corporation was "another . . . corporation" within the meaning of the statute, so far as the present record discloses. In cases 5773, 5774 and 5775 the motion for nonsuit was properly overruled.

A defendant is entitled to appeal only from a final judgment. *State v. Cox,* 215 N.C. 458, 2 S.E. 2d 370. There were final judgments in cases 5776, 5777 and 5779. As already indicated, nonsuit should have been allowed in these cases, and the judgments will be reversed. In cases 5773, 5774, 5775, 5778 and 5780 prayer for judgment was continued, unconditionally. Prayer for judgment may be continued from term to term without defendant's consent if no conditions are imposed. *State v. Griffin,* 246 N.C. 680, 100 S.E. 2d 49; *State v. Graham,* 224 N.C. 347, 30 S.E. 2d 151; *State v. Graham,* 225 N.C. 217, 34 S.E. 2d 146. Where prayer for judgment is continued and no conditions are imposed, there is no judgment, no appeal will lie, and the case remains in the trial court for appropriate action upon motion of the solicitor. *State v. Griffin, supra; Barbour v. Scheidt,* 246 N.C. 169, 97 S.E. 2d 855.

The eight indictments (cases) involved on this appeal were consolidated for trial. Therefore, the counts in the separate bills of indictment are treated as separate counts in one bill. *State v. Austin,* 241 N.C. 548, 85 S.E. 2d 924. Since there were final judgments on three of the counts (cases 5776, 5777 and 5779) and appeal therefrom was permissible and proper, all counts are before us for disposition. Since there were no final judgments on five of the counts (cases 5773,

5774, 5775, 5778 and 5780), the cause will be remanded to Superior Court as to these.

If the State should elect to move for judgments in cases 5778 and 5780, it will be the duty of the court to adjudge therein that defendant is not guilty and to discharge him. This, because defendant's motion for nonsuit should have been granted on these counts, as explained above.

If the State should elect to move for judgments in cases (counts) 5773, 5774 and 5775, and the court should enter final judgments therein, defendant may, if so advised, appeal therefrom, and may again assert any or all exceptions appearing in the present record on appeal relating to these cases.

As to cases (counts) 5773, 5774, 5775, 5778 and 5780, the cause is Remanded.

In cases (counts) 5776, 5777 and 5779 the judgments below are Reversed.