DANIEL M. JOHNSON *et al.*, Petitioners-Appellants, *v.* PISTAKEE HIGHLANDS COMMUNITY ASSOCIATION *et al.*, Respondents-Appellees.

Second District    No. 78-298

Opinion filed June 1, 1979.—Rehearing denied June 26, 1979.

Murray McGuire, of McGuire, Bishop & Kelly, of Crystal Lake, for appellants.

Samuel J. Diamond, of McHenry, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiffs appeal from an order of the circuit court denying their petition for a rule to show cause why defendant Pistakee Highlands Community Association (hereinafter the Association), and its financial secretary Mae Kolb, who is also a member of its board of trustees, should not be held in contempt of court for the unauthorized practice of law.

While not entirely clear from the record before us, it would appear that the Association is a not-for-profit corporation the membership of which includes all owners of lots in the Pistakee Highlands subdivision in McHenry County. It apparently derives its duties and powers pursuant to a covenant running with the land imposed when the property was originally platted and subdivided. It had a duty to maintain and improve the roads and other common property in the subdivision and purported to have the power to levy and collect assessments from the owners of lots in the subdivision for that purpose. Its bylaws provided that it take appropriate legal action to collect delinquent dues and assessments so imposed and directed that the financial secretary file liens against any lots in the subdivision where the payment of assessments was delinquent.

Plaintiffs declined to pay $180 assessments imposed in 1977 against each of their lots and all other lots in the subdivision by the Association and thereafter filed a declaratory judgment action seeking declaration that the Association had no authority to make the assessments and for an order enjoining it from filing claims for lien against their lots. The Association

answered plaintiffs' complaint and, while that action was pending, its financial secretary, Mae Kolb, prepared claims for lien for the delinquent assessments and filed them on behalf of the Association with the recorder of deeds of McHenry County. The form followed by Mae Kolb in preparing the lien claims had been originally drafted by a former attorney of the Association for use in asserting liens against delinquent assessments in past years. As Mae Kolb was not licensed to practice law, plaintiffs then petitioned the trial court for a rule to show cause why the Association of which she was an officer and Kolb should not be held in contempt of court for the unauthorized practice of law. The court denied that petition and, pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)), found the order was final and appealable as to the respondent Mae Kolb. Plaintiffs appeal.

The sole issue presented for our consideration is whether the preparation and filing with the recorder of deeds of a claim for lien by a nonlawyer officer of a not-for-profit corporation, on behalf of the corporation, constitutes the authorized practice of law.

In Illinois, as in all other States, certain minimum levels of education, training and character must be acquired before one may receive a license to practice law. (Ill. Rev. Stat. 1977, ch. 110A, pars. 701 through 709; Ill. Rev. Stat. 1977, ch. 13, par. 1.) The purpose of such requirements is to protect the public from the practice of law by those not qualified to do so. (*Herman v. Prudence Mutual Casualty Co.* (1969), 41 Ill. 2d 468, 244 N.E.2d 809.) It has been held that

> "The practice of law involves not only appearance in court in connection with litigation but also services rendered out of court, and it includes the giving of advice or the rendering of any services requiring the use of legal skill or knowledge, such as preparing a will, contract or other instrument, the legal effect of which, under the facts and conditions involved, must be carefully determined. [Citations.]" *People ex rel. Illinois State Bar Association v. Schafer* (1949), 404 Ill. 45, 50, 87 N.E.2d 773, 776; *People ex rel. Chicago Bar Association v. Tinkoff* (1948), 399 Ill. 282, 288, 77 N.E.2d 693, 696, *cert. denied* (1948), 334 U.S. 833, 92 L. Ed. 1760, 68 S. Ct. 32.

■ It is clear that a corporation may not engage in the practice of law on behalf of others nor may it appear in court except through a duly licensed attorney (*Tom Edwards Chevrolet, Inc. v. Air-Cel, Inc.* (1973), 13 Ill. App. 3d 378, 300 N.E.2d 312; see Ill. Rev. Stat. 1977, ch. 32, par. 415; Ill. Rev. Stat. 1977, ch. 110A, pars. 701 through 709). Our reviewing courts have not determined, however, whether the out-of-court preparation of legal documents by a corporation through its officers or employees on its own behalf constitutes the unauthorized practice of law.

Plaintiffs contend that the holding of our supreme court in *Chicago Bar*

*Association v. Quinlan & Tyson, Inc.* (1966), 34 Ill. 2d 116, 214 N.E.2d 771, mandates a finding that Mae Kolb was engaged in the unauthorized practice of law when she prepared the claims for lien against plaintiffs and other delinquent property owners and filed them with the recorder of deeds. In *Quinlan & Tyson*, the court held that the preparation of contracts and deeds by a real estate broker on behalf of the buyer and seller in a real estate transaction did constitute the unauthorized practice of law. (34 Ill. 2d 116, 122, 214 N.E.2d 771, 774-75.) The court there determined that "[d]rafting and attending to the execution of instruments relating to real-estate titles are within the practice of law, and neither corporations nor any other persons unlicensed to practice the profession may engage therein. [Citations.]" (34 Ill. 2d 116, 122-23, 214 N.E.2d 771, 775.) In our view, however, *Quinlan & Tyson* must be distinguished from the case at bar where the legal documents asserting liens against plaintiffs' property were prepared and filed by the Association for its own benefit rather than solely for the benefit of other parties. In doing so the Association did not purport to act as legal adviser or representative of anyone other than itself.

■■ Courts of review in other jurisdictions have considered similar matters and have concluded that the preparation of legal documents by a corporation on its own behalf did not constitute the unauthorized practice of law. In *Title Guaranty Co. v. Denver Bar Association* (1957), 135 Colo. 423, 312 P.2d 1011, plaintiffs, the Denver Bar Association and individual attorneys, sought to enjoin certain title companies from preparing legal documents. The court held that defendants could prepare instruments to which they were a party but could not prepare legal documents solely for the benefit of others. (135 Colo. 423, 433-34, 312 P.2d 1011, 1016.) In *State v. Pledger* (1962), 257 N.C. 634, 127 S.E.2d 337, defendant, an employee of a corporation engaged in the construction and sale of houses, was charged with eight violations of a criminal statute which prohibited the unauthorized practice of law. The court determined that he was not engaging in the unauthorized practice of law where defendant prepared deeds of trust running to the corporation to secure the indebtedness of purchasers of homes from his employer. 257 N.C. 634, 638, 127 S.E.2d 337, 340.

We are persuaded that the actions of Mae Kolb in preparing the claim for lien forms and filing them with the recorder of deeds on behalf of the Association did not constitute the unauthorized practice of law.

For these reasons the judgment of the Circuit Court of McHenry County is affirmed.

Affirmed.

RECHENMACHER and WOODWARD, JJ., concur.