STATE OF NORTH CAROLINA, Plaintiff v. EDWARD CRAIG DUNN, Defendant and ACCREDITED SURETY AND CASUALTY, Surety

No. COA09-188

(Filed 3 November 2009)

**Probation and Parole— forfeiture—motion to set aside— denied—probation revocation—independent proceeding**
    Defendant's probation revocation hearing was the result of an independent charge for violating his probation and N.C.G.S. § 15A-544.5(f) did not apply (no forfeiture shall be set aside after a defendant fails to appear twice or more in the same case).

Appeal by plaintiff and the Durham Public Schools Board of Education from order entered 13 October 2008 by Judge Brian C. Wilks in Durham County District Court. Heard in the Court of Appeals 1 September 2009.

*Tharrington Smith, LLP, by Rod Malone and Christine T. Scheef, for plaintiff-appellant Durham Public Schools Board of Education.*

*Steven A. McCloskey for defendant-appellee Accredited Surety and Casualty.*

*No brief filed for defendant Edward Craig Dunn.*

CALABRIA, Judge.

The State of North Carolina ("plaintiff") and the Durham Public Schools Board of Education ("the Board")[1] appeal an order denying the Board's objection to a Motion to Set Aside Bond Forfeiture by Accredited Surety and Casualty ("Surety") and granting the Surety's motion.[2] We affirm.

On 17 April 2007, Edward Craig Dunn's ("defendant") release from custody in the Durham County Jail was authorized upon a secured bond in the amount of $1,500.00 executed by an agent of the Surety. On 7 June 2007, defendant failed to appear in court for charges of possession of a schedule II controlled substance, possession of drug paraphernalia, and unsealed wine/liquor in a passenger area. As a result of his failure to appear, the trial court issued an order for defendant's arrest. The Surety moved to set aside the bond forfeiture, and the trial court granted this motion. Defendant was subsequently found guilty of possession of drug paraphernalia and sentenced to 45 days in the custody of the Sheriff of Durham County. The trial court suspended defendant's sentence and placed him on supervised probation for twelve months.

On 27 November 2007, the court found defendant willfully violated his probation, and issued another Order for Arrest. On 1 February 2008, defendant's release was authorized upon a secured bond in the amount of $25,000.00. On 14 March 2008, defendant failed to appear as required by the 1 February 2008 release order. When the Surety moved to set aside the bond forfeiture, the trial court granted this motion, and defendant's release was authorized by the Surety's third secured bond in the amount of $25,000.00. On 18 April 2008, defendant failed to appear as required by the 14 March 2008 release order.

On 22 April 2008, an Order for Arrest was issued for defendant, and the trial court issued another Bond Forfeiture Notice for defendant's failure to appear on 18 April 2008. On 22 May 2008, defendant appeared and waived a probation violation hearing. In addition, defendant admitted that he violated each of the conditions of his probation.[3] The trial court revoked defendant's probation, ordered his

---

1. The Board's status as appellant in the instant case is due to its status as the ultimate recipient of the "clear proceeds" of the forfeited appearance bond at issue herein, pursuant to Article IX, § 7 of the North Carolina Constitution. *State v. Poteat*, 163 N.C. App. 741, 744, 594 S.E.2d 253, 254 n.2 (2004).

2. Defendant Edward Craig Dunn is not a party to this appeal.

3. The probation violation report is not part of the record on appeal.

suspended sentence activated and also ordered him to serve 45 days in the custody of the Sheriff of Durham County.

On 30 May 2008, the Surety filed a Motion to Set Aside Bond Forfeiture for the third bond. On 6 June 2008, the Board filed an Objection to the Surety's motion. On 6 August 2008, a hearing was held regarding the bond forfeiture in Durham County District Court. On 13 October 2008, the trial court entered an order denying the Board's objection and granting the Surety's motion. From this order, the Board appeals.

The Board contends the trial court erred by finding that defendant's probation violation was a new charge and by concluding, as a matter of law, that N.C. Gen. Stat. § 15A-544.5(f) (2007) was inapplicable to the new charge. We disagree.

When the trial court sits without a jury, the standard of review for this Court is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. *State v. Lazaro*, —— N.C. App. ——, ——, 660 S.E.2d 618, 619 (2008).

In conclusion of law #2, the trial court cited the relevant section of the statute regarding setting aside a bond forfeiture:

2. N.C. Gen. Stat. § 15A-544.5(f) provides that "[i]n any case in which the State proves that the surety or the bail agent had notice or actual knowledge, before executing a bail bond, that the defendant had already failed to appear on two or more prior occasions, no forfeiture of that bond may be set aside for any reason."

In conclusion of law #3, the trial court referred to the charges as original charges and independent charges:

3. N.C. Gen. Stat. § 15A-544.5(f) is not applicable because the original charge for which the defendant had been bonded was resolved and the probation violation is treated as a new independent charge.

In construing a statute, it is the duty of this Court to "carry out the intent of the legislature." *State v. Ward*, 46 N.C. App. 200, 206, 264 S.E.2d 737, 741 (1980). *See also State v. Partlow*, 91 N.C. 550, 552, 49 Am. Rep. 652, 652 (1884) ("It is plainly the duty of the court to so construe a statute, ambiguous in its meaning, as to give effect to the legislative intent, if this be practicable."). "As a cardinal principle of

statutory interpretation, '[i]f the language of the statute is clear and is not ambiguous, we must conclude that the legislature intended the statute to be implemented according to the plain meaning of its terms.' " *State v. Watterson*, —— N.C. App. ——, ——, 679 S.E.2d 897, 900 (2009) (quoting *Hyler v. GTE Prods. Co.*, 333 N.C. 258, 262, 425 S.E.2d 698, 701 (1993)).

The statute refers to the word "case." The applicable definition of "case" from BLACK'S LAW DICTIONARY ("Black's") is, "Case: a civil or criminal proceeding, action, suit, or controversy at law or in equity." BLACK'S LAW DICTIONARY 243 (9th ed. 2009). The trial court concluded that defendant's probation violation was a new independent charge. According to Black's definition, defendant's original case was possession of drug paraphernalia and the bond was resolved when defendant was convicted and placed on probation. Defendant's subsequent probation revocation hearing was a result of an independent charge for violating his probation.

N.C. Gen. Stat. § 15A-1345 (2007) "guarantees full due process before there can be a revocation of probation and a resulting prison sentence." *State v. Hunter*, 315 N.C. 371, 377, 338 S.E.2d 99, 104 (1986). Specifically, N.C. Gen. Stat. § 15A-1345 (2007) "guarantees notice, bail, a preliminary hearing and a revocation hearing with counsel present." *Id.* "At the revocation hearing, the trial judge must make findings to support his decision on whether to revoke or extend probation . . . [and] make a summary record of the proceedings." *Id.* In *State v. Duncan*, our Supreme Court stated, "[t]he courts of this State recognize the principle that a defendant on probation . . ., before any sentence of imprisonment is put into effect and activated, shall be given notice of the hearing and an opportunity to be heard." 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967). These due process requirements, although less than the protections guaranteed in a criminal trial, are still sufficiently significant to support the conclusion that a probation revocation hearing is a new case.

Although it is true, as the Board suggests, that a probation revocation hearing is only possible after a defendant has been found guilty of underlying criminal conduct, it is equally true that such underlying conduct is not the focus of the hearing. Rather, the trial court must determine whether the defendant willfully violated one or more conditions of his probation. *State v. Dixon*, 139 N.C. App. 332, 341, 533 S.E.2d 297, 304 (2000). A probation revocation hearing is a controversy entirely distinct from the underlying criminal conduct.

In the instant case, defendant's underlying criminal conduct was his possession of drug paraphernalia. For this offense, defendant was placed on supervised probation for 12 months. Defendant subsequently violated his probation. In its judgment revoking defendant's probation, the trial court found, *inter alia*, that defendant "admitted that [he] violated each of the conditions of [his] probation as set forth . . . in paragraph[] 1 in the Violation Report or Notice dated 11/27/07." Therefore, defendant's underlying criminal conduct was not the focus of the probation revocation hearing, and the hearing was a new case according to N.C. Gen. Stat. § 15A-544.5(f) (2007). Since it was a new case, the trial court set aside the bond forfeiture.

The Board's remaining assignments of error were not addressed in its brief to this Court and are therefore deemed abandoned. N.C. R. App. P. 28(b)(6) (2009). Having resolved this appeal in favor of the Surety, we decline to address its remaining arguments.

We affirm the trial court's order denying the Board's objection and granting the Surety's motion to set aside the bond forfeiture.

Affirmed.

Judges WYNN and ELMORE concur.