**STATE OF N.C. EX REL. GUILFORD CNTY. BD. OF EDUC. v. HERBIN**

[215 N.C. App. 348 (2011)]

STATE OF NORTH CAROLINA EX REL THE GUILFORD COUNTY BOARD OF EDUCATION, PLAINTIFF v. THEODORE DOUGLAS HERBIN, DEFENDANT

No. COA10-1178

(Filed 6 September 2011)

**1. Bail and Pretrial Release—bond forfeiture—motion to set aside—bail agent**

The trial court did not err by finding that a bail agent may file a motion to set aside forfeiture of a bail bond. The strict and literal interpretation of N.C.G.S. § 15A-544.5 argued by the Board of Education was declined as leading to bizarre and untoward results.

**2. Bail and Pretrial Release—bail agent—motion to set aside forfeiture—not unauthorized practice of law**

The trial court did not err by concluding that a bail agent was not engaging in the unauthorized practice of law by filing a motion to set aside a bond forfeiture. Filing a motion to set aside a bond forfeiture is not considered an appearance before a judicial body.

**3. Bail and Pretrial Release—bail agent—motion to set forfeiture—preparing document—appearance at hearing**

The trial court did not err by concluding that a bail bond agent's activity was permitted under *State v. Pledger*, 257 N.C. 634. A bail agent who is appointed by power of attorney to execute or countersign bail bonds is not prohibited from filing a motion to set aside a bond forfeiture. Furthermore a bail agent may appear *pro se* at a hearing on a motion to set aside forfeiture if the agent has a financial liability to the surety, but may not appear to represent the corporate surety.

Appeal by plaintiff from order entered 9 July 2010 by Judge Joseph E. Turner in Guilford County District Court. Heard in the Court of Appeals 13 April 2011.

*Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, by Clint S. Moore, for plaintiff-appellant.*

*Steven A. McCloskey for defendant-appellee.*

*Tharrington Smith, LLP, by Rod Malone, and North Carolina School Boards Association, by Allison B. Schafer, for North Carolina School Boards Association, amicus curiae.*

BRYANT, Judge.

In this appeal we affirm the ruling of the trial court and hold that a bail agent may file a motion to set aside forfeiture as the filing of such motion does not constitute an appearance before a judicial body and therefore does not constitute a violation of N.C. Gen. Stat. § 84-4 regarding the unauthorized practice of law.

*Facts and Procedural History*

In September 2009, Brandon Morgan (bail agent) executed an Appearance Bond on behalf of Allegheny Casualty Company (corporate surety) for the pretrial release of Theodore Douglas Herbin (defendant). When defendant was called and failed to appear in court on 8 February 2010, the corporate surety's bond was forfeited. Thereafter, notice of forfeiture was served on the corporate surety, bail agent, and defendant.

On 15 April 2010, the Guilford County Board of Education (the Board) and the State of North Carolina (collectively plaintiffs) filed in Guilford County District Court and Guilford County Superior Court motions entitled "Motion for Rule 2.1 Designation; Motion for Order Staying All Pending Actions to Set Aside or Remit a Forfeiture; Motion for Transfer of Venue; and Motion to Transfer from District to Superior Court." Plaintiffs urged the Superior Court to recommend to the Chief Justice that actions seeking to set aside or remit a bond forfeiture filed between 5 April 2010 and 10 May 2010 be designated as an exceptional group and be assigned to a single Superior Court judge. In support of their motions, plaintiffs argued that "[e]ven though a bail agent writes the bond, the surety is liable—not the bail agent—for a forfeiture of the bond. By statute, only the surety can move to set aside the forfeiture, and only the surety can move to remit the forfeiture." On 26 April 2010, then Senior Resident Superior Court Judge Catherine Eagles ordered that "[a]ll hearings on motions to set aside and motions to remit bond forfeitures in Superior Court cases [be] stayed pending further Order of the Court."[1] On 9 June 2010, a hearing on the plaintiffs' motions was held in Guilford County

---

1. There is no indication in the record that any further action was taken on the Board's Rule 2.1 motion, and no indication the Superior Court division filed an administrative order. However, the record does contain an order signed by Superior Court Judge Stuart Albright, dated 8 July 2010, finding and concluding that two individuals (presumably bail agents) who filed motions to set aside on behalf of Allegheny Casualty Company, had committed a violation of N.C.G.S. § 84-4, and striking the motion to set aside forfeiture from the trial court record. The record does not indicate that Judge Albright's ruling was appealed.

District Court before Chief District Court Judge Joseph Turner. Judge Turner rendered a decision in open court on 9 June 2010 denying the plaintiffs' motions. Thereafter, Judge Turner entered a written administrative order which stated the following findings:

    1.  Bail agents may make motions to set aside bond forfeitures;

    2.  A bail agent who has financial liability as a result of the bond obligation has a financial interest in the bond forfeiture such that the agent may appear *pro se* to protect that interest.

    3.[2]  Bail agents who appear <u>pro se</u> under this procedure must serve notice on the Guilford County Board of Education, by service on its attorney and serve notice to the corporate surety insuring the bond and to any other bail agent or bondsman associated with the bond for which forfeiture has been entered, in accordance with Rule 4 of the North Carolina Rules of Civil Procedure (NCGS 1A-1 [,]Rule 4).

    4.  A corporate surety must be represented by counsel to be heard at a bond-related hearing, and failure to so appear will constitute a waiver of the right to be heard on any issue raised in the proceeding.

    5.  The stay in the undersigned's Order of May 20, 2010 regarding cases filed between April 15, 2010 and June 9, 2010, is hereby lifted. As a matter of equity, the relevant time periods in N.C. Gen. Stat. § 15A-544.5 are tolled for the period of time between April 15 and June 9, 2010, inclusive.

The order also set out the following pertinent conclusions:

    7.  [T]he bail agent is not "appear[ing] as attorney or counselor at law in any action or proceeding before any judicial body." Therefore, in making motions to set aside forfeiture, bail agents do not violate N.C. Gen. Stat. § 84-4.

    . . .

    10.  The Court concludes that a bail agent who has financial liability to the surety as a result of the bond obligation has a financial interest in the bond forfeiture issue such that the agent may appear *pro se* at the bond forfeiture hearing to protect that interest. If a corporate surety wishes to be heard at a bond-related

    2. On 13 July 2010, after a hearing on the Board's motion to reconsider the court's administrative order, Judge Turner amended the order to include finding of fact number 3 and renumbered the paragraphs accordingly. Otherwise the order remained the same.

hearing, it must be represented by counsel, pursuant to *LexisNexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 573 S.E.2d 547 (2002).

Meanwhile on 22 June 2010, the bail agent in the instant case filed a Motion to Set Aside the forfeiture of the corporate surety's bond, and the Board objected. Soon thereafter, the Board filed a motion asking the District Court to reconsider its administrative order. On 9 July 2010, Judge Turner overruled the Board's objections and granted the motion to set aside forfeiture. From this order, the Board appeals.

---

We first note that the notice of appeal filed on 20 July 2010 refers to the 9 July 2010 "Order Granting Allegheny Casualty Company / Brandon Morgan's Motion to Set Aside Forfeiture." However, the briefs submitted by the parties on appeal, including that of amicus curiae, reference the findings of fact and conclusions of law entered by the trial court in its amended administrative order. Our record does not support a notice of appeal from the administrative order. Nevertheless, because all of the arguments on appeal clearly challenge or support the ruling of the trial court in the administrative order, we will issue a writ of certiorari pursuant to N.C. R. App. P. Rule 21(a)(1) (2009) to hear this appeal of the administrative order as well. (*See* Rule 21 stating that "[t]he writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action . . . .").

---

In this appeal, the Board essentially challenges the trial court's conclusions of law that: (I) a bail agent may file a motion to set aside pursuant to N.C. Gen. Stat. § 15A-544.5; (II) the filing of a motion to set aside is not an appearance in front of a judicial body and therefore not a violation of N.C. Gen. Stat. § 84-4; and (III) a bail agent's activity is permitted pursuant to *State v. Pledger*, 257 N.C. 634, 127 S.E.2d 337 (1962).

*I*

**[1]** First, the Board argues that the trial court erred in finding that a bail agent may file a Motion to Set Aside pursuant to N.C.G.S. § 15A-544.5. The Board contends that by its express terms, in N.C.G.S. § 15A-544.5(d) "the legislature conspicuously denied this right [to move to set aside a forfeiture] to bail agents." We disagree.

**STATE OF N.C. EX REL. GUILFORD CNTY. BD. OF EDUC. v. HERBIN**

[215 N.C. App. 348 (2011)]

Here, the Board does not challenge the trial court's findings of fact, only its conclusions of law. Therefore the findings of fact are binding on appeal. *In re Estate of Trogdon*, 330 N.C. 143, 147, 409 S.E.2d 897, 900 (1991). "Questions of statutory interpretation are questions of law, which are reviewed *de novo* by an appellate court." *Martin v. N.C. HHS*, 194 N.C. App. 716, 719, 670 S.E.2d 629, 632 (2009) (citation omitted).

> Statutory interpretation begins with the cardinal principle of statutory construction that the intent of the legislature is controlling. In ascertaining the legislative intent, courts should consider the language of the statute, the spirit of the statute, and what it seeks to accomplish. Where the statutory language is clear and unambiguous, the Court does not engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language.

*State v. Stanley*, ___ N.C. App. ___, ___, 697 S.E.2d 389, 390 (2010) (citation omitted).

N.C.G.S. § 15A-544.5(a) provides that "[t]here shall be no relief from a forfeiture except as provided in this section." N.C.G.S. § 15A-544.5(d)(1) sets out the "only procedure" for setting aside a forfeiture. "At any time before the expiration of 150 days after the date on which notice was given under G.S. 15A-544.4, the *defendant or any surety* on a bail bond may make a written motion that the forfeiture be set aside[.]" N.C.G.S. § 15A-544.5(d)(1) (emphasis added). "Surety" is defined as "[t]he insurance company, when a bail bond is executed by a bail agent on behalf of an insurance company." N.C.G.S. § 15A-531(8)(a). A "bail agent" is defined as "any person who is licensed by the Commissioner as a *surety bondsman* . . . , is appointed by an insurance company by power of attorney to execute or countersign bail bonds for the insurance company in connection with judicial proceedings, and receives or is promised consideration for doing so." N.C.G.S. § 15A-531(3) (emphasis added).

The Board urges us to adopt a strict and literal interpretation of N.C.G.S. § 15A-544.5 and hold that only a defendant or surety, as opposed to a bail agent, can file a motion to set aside a forfeiture. However, to adopt the Board's argument would make the statute meaningless. Viewing other provisions of Chapter 15A indicates that bail agents, who are licensed as surety bondsman, are treated similarly to the defendant and the sureties they represent in bond forfeiture procedures.

STATE OF N.C. ex rel. GUILFORD CNTY. BD. OF EDUC. v. HERBIN

[215 N.C. App. 348 (2011)]

For example, in cases where there is an entry of forfeiture, "[t]he name, address of record, license number, and power of appointment number of any *bail agent* who executed the bail bond on behalf of an insurance company" is to be included in the forfeiture. N.C.G.S. § 15A-544.3(b)(6) (2009) (emphasis added). The forfeiture notice must also include the following language: "TO THE DEFENDANT AND EACH SURETY NAMED ABOVE: . . . A forfeiture for the amount of the bail bond shown above was entered in favor of the State against the defendant and each surety named above[.]" N.C.G.S. § 15A-544.3(b)(9). The surety named above includes the name of the bail agent who executed the bail bond on behalf of an insurance company.

"In construing statutes courts normally adopt an interpretation which will avoid absurd or bizarre consequences, the presumption being that the legislature acted in accordance with reason and common sense and did not intend untoward results." *In re J.N.S.*, ___ N.C. App. ___, ___, 704 S.E.2d 511, 516 (2010) (citation omitted). In light of this rule of statutory interpretation, we respectfully decline to embrace the Board's argument that we adopt a strict and literal interpretation of N.C.G.S. § 15A-544.5(d)(1). We do not believe this was the intent of the General Assembly, as such an interpretation would lead to bizarre and untoward results. For instance, in light of the other sections of Chapter 15A that require the bail agent's name and mailing address to be included on every relevant bail bond that is executed (N.C.G.S. § 15A-544.3(a)(4)) and that require a bail agent receive notice of forfeiture (N.C.G.S. § 15A-544.3(b)(6)), to hold that N.C.G.S. § 15A-544.5(d)(1) is not applicable to a bail agent, especially one acting as an agent for an insurance company, would render an absurd result.

Such reasoning would suggest that accommodation bondsmen and other professional bondsmen who are also defined as sureties (N.C.G.S. § 15A-531(8)(b) and (c)) but, who like bail agents are not specifically named as sureties under N.C.G.S. § 15A-544.5(d)(1), would not be allowed to file a motion to set aside forfeiture. This cannot be the result intended by the legislature. Therefore, we overrule this argument.

## II

**[2]** Next, the Board, in disputing the right of a bail agent to file a motion to set aside forfeiture, argues that the bail agent is engaging in the unauthorized practice of law by making an unauthorized appearance before a judicial body in violation of N.C.G.S. § 84-4. We disagree.

354 IN THE COURT OF APPEALS

STATE OF N.C. ex rel. GUILFORD CNTY. BD. OF EDUC. v. HERBIN

[215 N.C. App. 348 (2011)]

The "practice of law" is defined as:

> performing any legal service for any other person, firm or corporation . . . specifically including . . . preparing or aiding in the preparation of any petitions or orders in any probate or court proceeding; abstracting or passing upon titles, the preparation and filing of petitions for use in any court, including administrative tribunals and other judicial or quasi-judicial bodies[.]

N.C.G.S. § 84-2.1 (2009). N.C.G.S. § 84-4 provides for the following:

> [e]xcept as otherwise permitted by law, it shall be unlawful for any person or associate of persons, except active members of the Bar of the State of North Carolina admitted and licensed to practice as attorneys-at-law, to appear as attorney or counselor at law in any action or proceeding before any judicial body.

In the case *sub judice*, the trial court made the following relevant findings of fact in its administrative order:

> 5. Bail agents, in writing a bond on behalf of a surety, are sometimes contractually obligated to indemnify the surety and/or a surety's managing agent, which supervises the bail agents acting on behalf of a surety. This arrangement means that a bail agent may become financially liable to the surety or managing agent, if the bond becomes forfeit. Bail agents also typically sign a number of different forms on behalf of the surety during the bonding process.
>
> 6. The North Carolina Administrative Office of the Courts provides a form (AOC-CR-213) by which motions to set aside forfeiture may be made by the defendant, a surety's corporate officer, the bail agent, or an attorney. Regardless of which of the aforementioned four persons makes the motion to set aside forfeiture, the form merely requires checking two boxes, inserting the surety's name, and signing the motion; the motion is then filed with the Clerk of Court.

The trial court then concluded:

> in making the motion to set aside forfeiture, the bail agent is not "appear[ing] as attorney or counselor at law in any action or proceeding before any judicial body." Therefore, in making motions to set aside forfeiture, bail agents do not violate N.C. Gen. Stat. § 84-4.

The Board asserts that our holding in *Lexis-Nexis v. Travishan Corp.*, 155 N.C. App. 205, 573 S.E.2d 547 (2002) is controlling and cannot be reconciled with the trial court's conclusion. We find the Board's arguments unconvincing.

In *Lexis-Nexis,* our Court held that "[t]he prevailing rule is that a corporation cannot appear and represent itself either in proper person or by its officers, but can do so only by an attorney admitted to practice law." *Lexis-Nexis,* 155 N.C. App. at 207, 573 S.E.2d at 549. However, because the word "appearance" is not defined in Chapter 84, we apply the plain meaning of the word within the statute. *Stanley,* ___ N.C. App. at ___, 697 S.E.2d at 390. An "appearance" is defined as

> [a] coming into court as a party or interested person, or as a lawyer on behalf of a party or interested person; esp., a defendant's act of taking part in a lawsuit, whether by formally participating in it or by an answer, demurrer, or motion, or by taking postjudgment steps in the lawsuit in either the trial court or an appellate court.

*Black's Law Dictionary,* 107 (8th ed. 1999).

We must agree with the trial court that filing a motion to set aside a bond forfeiture is not considered an appearance before a judicial body in the manner contemplated by N.C.G.S. § 84-4 and, therefore, does not constitute the practice of law. The Board's argument is overruled.

## III

**[3]** In its third issue, the Board argues that the trial court erred in finding that a bail agent's activity was permitted pursuant to *State v. Pledger,* 257 N.C. 634, 127 S.E.2d 337 (1962). The Board's argument is based on the following conclusion of the trial court:

> Even if an agent's checking two boxes, inserting the surety's name, and signing the motion [to set aside forfeiture] was deemed to constitute the preparation of a legal document, that activity would still be permitted pursuant to *State v. Pledger,* 257 N.C. 634, 127 S.E.2d 337 (1962), because the agent would be "prepar[ing] a legal document in connection with a business transaction in which the corporation [surety] has a primary interest," that is, the undertaking on the bond.

In *Pledger*, the defendant was charged with the unauthorized practice of law under N.C.G.S. § 84-4 when he allegedly prepared deeds of trust without being a member of the North Carolina Bar and without being licensed as an attorney at law. *Id.* at 636, 127 S.E.2d at 339. The question before the *Pledger* court was whether the defendant prepared the documents " 'for another person, firm or corporation' within the intent and meaning of [N.C.G.S. § 84-4]." *Id.* at 637, 127 S.E.2d at 339. The *Pledger* court held that "[a] person, firm or corporation having a primary interest, not merely an incidental interest, in a transaction, may prepare legal documents necessary to the furtherance and completion of the transaction without violating G.S. 84-4." *Id.*

> [A] person who, in the course of his employment by a corporation, prepares a legal document in connection with a business transaction in which the corporation has a primary interest, the corporation being authorized by law and its charter to transact such business, does not violate the statute [against the unauthorized practice of law], for his act in so doing is the act of the corporation in furtherance of its business.

*Gardner v. N.C. State Bar*, 316 N.C. 285, 290, 341 S.E.2d 517, 520 (1986) (citation omitted). Therefore, based on our reading of *Pledger*, a bail agent who, as an agent for the corporate surety, "is appointed by an insurance company by power of attorney to execute or countersign bail bonds for the insurance company in connection with judicial proceedings" is not prohibited from filing a motion to set aside a bond forfeiture. N.C.G.S. § 15A-531(3). Further, we agree with the trial court that a bail agent may appear pro se at a hearing on a motion to set aside forfeiture if the agent has a financial liability to the surety as a result of the bond. However, a bail agent is prohibited from appearing at the motion hearing in court to represent the corporate surety. *See Lexis-Nexis*, 155 N.C. App. 205, 573 S.E.2d 547. Based on the foregoing, the trial court did not err in its conclusion that the bail agent's actions were permitted under *Pledger*. The Board's argument is overruled.

For the foregoing reasons, the trial court's order is affirmed.

Affirmed.

Judges HUNTER, Robert C., and McCULLOUGH concur.