IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-460

Filed: 17 March 2020

Granville County, No. 18 CRS 050849

STATE OF NORTH CAROLINA,

v.

DERRICK CASH, Defendant,

and

1ST ATLANTIC SURETY COMPANY, Surety.

Appeal by Surety from order entered 11 March 2019 by Judge James Hardin in Granville County Superior Court. Heard in the Court of Appeals 13 November 2019.

*Hill Law, PLLC, by M. Brad Hill, and Ragsdale Liggett PLLC, by Mary M. Webb and Amie C. Sivon, for Surety-Appellant.*

*Tharrington Smith, L.L.P., by Stephen G. Rawson and Colin Shive, for Appellee Granville County Board of Education.*

COLLINS, Judge.

1st Atlantic Surety Company ("Surety") appeals from the trial court's order (1) denying its motion to set aside a bond forfeiture and (2) granting the Granville County Board of Education's (the "Board") motion for sanctions. Surety contends that the trial court erred by (1) concluding that an unauthorized party had signed the

motion to set aside the bond forfeiture and (2) granting the Board's motion for sanctions based upon that ruling. Because we conclude that signing and filing a motion to set aside a bond forfeiture pursuant to N.C. Gen. Stat. § 15A-544.5 constitutes the practice of law within the meaning of N.C. Gen. Stat. § 84-5, we affirm the trial court's denial of Surety's motion to set aside the bond forfeiture. However, we reverse the trial court's order imposing a sanction against Surety.

## I.    Background

Defendant Derrick Cash was arrested and charged with conspiracy to sell or deliver cocaine in early 2018. On 4 June 2018, Defendant was released from custody after Surety—through bail agent Mary E. Faines—posted a bond securing Defendant's release, pending disposition of his criminal charges in Granville County Superior Court.

On 29 August 2018, Defendant failed to appear in court as scheduled, and the trial court issued an order for Defendant's arrest for his failure to appear. On 31 August 2018, the trial court issued a bond forfeiture notice and the clerk of superior court mailed it to Surety.

On 28 January 2019, Surety moved to set aside the bond forfeiture (the "Motion") pursuant to N.C. Gen. Stat. § 15A-544.5(b)(4), which states that a forfeiture "shall be set aside" if "[t]he defendant has been served with an Order for Arrest for the Failure to Appear on the criminal charge in the case in question as evidenced by

a copy of an official court record, including an electronic record." N.C. Gen. Stat. § 15A-544.5(b)(4) (2019). The Motion appended a certificate signed by an Oxford Police Department officer indicating that he served Defendant with the arrest order on 12 September 2018. The Motion was signed on Surety's behalf by Derrick Harrington as a "corporate officer" of Surety.

The Board[1] filed an objection to the Motion on 7 February 2019. In its objection, the Board asked the trial court to deny the Motion "because the [Motion] was not signed as required by N.C. Gen. Stat. § 15A-544.5." The Board also asked the trial court to impose sanctions upon Surety for this purported deficiency.

On 11 March 2018, the trial court entered an order denying the Motion. The trial court concluded that N.C. Gen. Stat. § 15A-544.5(d)(1) establishes which parties can sign an order to set aside a bond forfeiture, and that because Harrington was neither a bail agent nor a licensed attorney, he was not authorized to sign the Motion on Surety's behalf. The trial court accordingly denied the Motion and sanctioned Surety in the amount of $1000.

Surety timely appealed.

---

[1] The Board, as beneficiary of the forfeiture pursuant to Article XI, section 7, of the North Carolina Constitution, has statutory authority pursuant to N.C. Gen. Stat. § 544.5(d)(3) to appear before the court to contest motions to set aside bond forfeitures.

## II.    Discussion

On appeal from an order denying a motion to set aside a bond forfeiture, "the standard of review for this Court is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *State v. Dunn*, 200 N.C. App. 606, 608, 685 S.E.2d 526, 528 (2009). "Questions of law, including matters of statutory construction, are reviewed de novo." *State v. Knight*, 255 N.C. App. 802, 804, 805 S.E.2d 751, 753 (2017).

*A. Denial of bond forfeiture motion*

The facts are not in dispute. Rather, the parties' arguments concern whether, as a matter of law, it was proper for Harrington, as a corporate officer of Surety, to sign and file the Motion on Surety's behalf. The Board argues that making a motion to set aside a bond forfeiture constitutes the practice of law within the meaning of N.C. Gen. Stat. § 84-5 and thus Harrington, who was not a licensed attorney, was prohibited from signing and filing the Motion on Surety's behalf. Surety, on the other hand, argues that making a motion to set aside a bond forfeiture is not the practice of law, and that Harrington was therefore authorized as a corporate officer to sign and file the Motion on Surety's behalf.

Article 26 of the North Carolina Criminal Procedure Act contains the statutory framework governing bail bonds in our State. N.C. Gen. Stat. § 15A-544.5, the

relevant statute governing how and when bond forfeitures can be set aside, reads as

follows:

> (1) At any time before the expiration of 150 days after the date on which notice was given under [N.C. Gen. Stat. §] 15A-544.4, any of the following parties on a bail bond may make a written motion that the forfeiture be set aside:
>
> (a) The defendant.
>
> (b) Any surety.
>
> (c) A professional bondsman or a runner acting on behalf of a professional bondsman.
>
> (d) A bail agent acting on behalf of an insurance company.
>
> (2) The motion shall be filed in the office of the clerk of superior court of the county in which the forfeiture was entered.

N.C. Gen. Stat. § 15A-544.5(d) (2019).  "Surety" is defined in Article 26's "Definitions"

section as including an "insurance company, when a bail bond is executed by a bail

agent on behalf of an insurance company."  N.C. Gen. Stat. § 15A-531(8)(a) (2019).

While N.C. Gen. Stat. § 15A-544.5(d)(1) expressly authorizes a surety to make a

motion to set aside a bond forfeiture, it does not expressly indicate whether such

motion may or must be made by an attorney, *see Lexis-Nexis, Div. of Reed Elsevier,

Inc. v. Travishan Corp.*, 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002) (adopting

the general rule that "in North Carolina a corporation must be represented by a duly

admitted and licensed attorney-at-law and cannot proceed *pro se*"), or made by a

corporate officer, *see State v. Pledger*, 257 N.C. 634, 637, 127 S.E.2d 337, 339 (1962)

("A corporation can act only through its officers, agents and employees."). We must thus determine whether signing and filing such motion constitutes the practice of law within the meaning of N.C. Gen. Stat. § 84-5.

Chapter 84 of our General Statutes governs attorneys-at-law. N.C. Gen. Stat. § 84-5 specifically concerns the "practice of law by corporation[s]" and states, in relevant part, "It shall be unlawful for any corporation to practice law or appear as an attorney for any person in any court in this State . . . and no corporation shall . . . draw agreements, or other legal documents . . . ." N.C. Gen. Stat. § 84-5 (2019). "The phrase 'practice law' as used in . . . Chapter [84] is defined to be performing any legal service for any other person, firm or corporation, . . . . specifically including . . . the preparation and filing of petitions for use in any court . . . ." N.C. Gen. Stat. § 84-2.1 (2019).

As "a written motion that a forfeiture be set aside" to be "filed in the office of the clerk of superior court" is, by its plain language, a "legal document" and a "petition for use in" court, signing and filing a motion to set aside a bond forfeiture under N.C. Gen. Stat. § 15A-544.5(d) is the practice of law within the meaning of N.C. Gen. Stat. § 84-5. As a corporation is prohibited from practicing law, and because "a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed *pro se*[,]" *Lexis-Nexis,* 155 N.C. App. at 209, 573 S.E.2d at 549, Harrington was not authorized to sign and file the Motion on Surety's behalf.

Surety argues that *State ex rel. Guilford Cty. Bd. of Educ. v. Herbin*, 215 N.C. App. 348, 716 S.E.2d 35 (2011), controls the present case. We disagree. In *Herbin*, this Court held that "filing a motion to set aside a bond forfeiture is not considered an appearance before a judicial body in the manner contemplated by [N.C. Gen. Stat.] § 84-4 and, therefore, does not constitute the practice of law." *Id.* at 355, 716 S.E.2d at 39. *Herbin* concerned whether an *individual bail agent* was prohibited by N.C. Gen. Stat. § 84-4, which governs the unauthorized practice of law by individuals, from filing a motion to set aside a bond forfeiture. *Herbin* does not apply here where Surety is a corporation that violated N.C. Gen. Stat. § 84-5, which governs the unauthorized practice of law by corporations.

Because we conclude that Harrington's filing and signing the Motion on Surety's behalf amounted to the unauthorized practice of law within the meaning of N.C. Gen. Stat. § 84-5, and thus Harrington was not authorized to sign and file the Motion, we affirm the trial court's order denying Surety's Motion.

*B. Sanctions*

Surety next argues that the trial court erred by imposing a sanction for failing to sign the Motion. We agree.

N.C. Gen. Stat. § 15A-544.5(d)(8) provides:

> If at the hearing the court determines that the motion to set aside *was not signed* . . ., the court may order monetary sanctions against the surety filing the motion, unless the

court also finds that the failure to sign the motion or attach
the required documentation was unintentional.

N.C. Gen. Stat. § 15A-544.5(d)(8) (2019) (emphasis added).

There is no dispute that Surety's Motion was signed. The sole issue on appeal is the legal significance and validity of the Motion's signatory. The trial court made no findings to support its conclusion that a sanction be imposed, or its necessarily-implied conclusion that an *unauthorized* signature is the equivalent of *no* signature. We thus conclude that the trial court committed an error of law in making this equivalency and by ordering Surety to pay a sanction, and reverse that portion of the trial court's order.

## III. Conclusion

Because we conclude that Surety engaged in the unauthorized practice of law within the meaning of N.C. Gen. Stat. § 84-5 by allowing Harrington, its corporate officer, to sign and file the Motion, we conclude that the trial court did not err by denying the Motion. However, because we conclude that the trial court erred in allowing the Board's motion for sanctions and imposing a sanction against Surety, we reverse that portion of the order.

AFFIRMED IN PART. REVERSED IN PART AND REMANDED.

Judges TYSON and YOUNG concur.