IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-460

 Filed: 17 March 2020

Granville County, No. 18 CRS 050849

STATE OF NORTH CAROLINA,

 v.

DERRICK CASH, Defendant,

and

1ST ATLANTIC SURETY COMPANY, Surety.

 Appeal by Surety from order entered 11 March 2019 by Judge James Hardin

in Granville County Superior Court. Heard in the Court of Appeals 13 November

2019.

 Hill Law, PLLC, by M. Brad Hill, and Ragsdale Liggett PLLC, by Mary M.
 Webb and Amie C. Sivon, for Surety-Appellant.

 Tharrington Smith, L.L.P., by Stephen G. Rawson and Colin Shive, for Appellee
 Granville County Board of Education.

 COLLINS, Judge.

 1st Atlantic Surety Company (“Surety”) appeals from the trial court’s order

(1) denying its motion to set aside a bond forfeiture and (2) granting the Granville

County Board of Education’s (the “Board”) motion for sanctions. Surety contends that

the trial court erred by (1) concluding that an unauthorized party had signed the
 STATE V. CASH

 Opinion of the Court

motion to set aside the bond forfeiture and (2) granting the Board’s motion for

sanctions based upon that ruling. Because we conclude that signing and filing a

motion to set aside a bond forfeiture pursuant to N.C. Gen. Stat. § 15A-544.5

constitutes the practice of law within the meaning of N.C. Gen. Stat. § 84-5, we affirm

the trial court’s denial of Surety’s motion to set aside the bond forfeiture. However,

we reverse the trial court’s order imposing a sanction against Surety.

 I. Background

 Defendant Derrick Cash was arrested and charged with conspiracy to sell or

deliver cocaine in early 2018. On 4 June 2018, Defendant was released from custody

after Surety—through bail agent Mary E. Faines—posted a bond securing

Defendant’s release, pending disposition of his criminal charges in Granville County

Superior Court.

 On 29 August 2018, Defendant failed to appear in court as scheduled, and the

trial court issued an order for Defendant’s arrest for his failure to appear. On 31

August 2018, the trial court issued a bond forfeiture notice and the clerk of superior

court mailed it to Surety.

 On 28 January 2019, Surety moved to set aside the bond forfeiture (the

“Motion”) pursuant to N.C. Gen. Stat. § 15A-544.5(b)(4), which states that a forfeiture

“shall be set aside” if “[t]he defendant has been served with an Order for Arrest for

the Failure to Appear on the criminal charge in the case in question as evidenced by

 -2-
 STATE V. CASH

 Opinion of the Court

a copy of an official court record, including an electronic record.” N.C. Gen. Stat. §

15A-544.5(b)(4) (2019). The Motion appended a certificate signed by an Oxford Police

Department officer indicating that he served Defendant with the arrest order on 12

September 2018. The Motion was signed on Surety’s behalf by Derrick Harrington

as a “corporate officer” of Surety.

 The Board1 filed an objection to the Motion on 7 February 2019. In its

objection, the Board asked the trial court to deny the Motion “because the [Motion]

was not signed as required by N.C. Gen. Stat. § 15A-544.5.” The Board also asked

the trial court to impose sanctions upon Surety for this purported deficiency.

 On 11 March 2018, the trial court entered an order denying the Motion. The

trial court concluded that N.C. Gen. Stat. § 15A-544.5(d)(1) establishes which parties

can sign an order to set aside a bond forfeiture, and that because Harrington was

neither a bail agent nor a licensed attorney, he was not authorized to sign the Motion

on Surety’s behalf. The trial court accordingly denied the Motion and sanctioned

Surety in the amount of $1000.

 Surety timely appealed.

 1 The Board, as beneficiary of the forfeiture pursuant to Article XI, section 7, of the North
Carolina Constitution, has statutory authority pursuant to N.C. Gen. Stat. § 544.5(d)(3) to appear
before the court to contest motions to set aside bond forfeitures.

 -3-
 STATE V. CASH

 Opinion of the Court

 II. Discussion

 On appeal from an order denying a motion to set aside a bond forfeiture, “the

standard of review for this Court is whether there was competent evidence to support

the trial court’s findings of fact and whether its conclusions of law were proper in

light of such facts.” State v. Dunn, 200 N.C. App. 606, 608, 685 S.E.2d 526, 528 (2009).

“Questions of law, including matters of statutory construction, are reviewed de novo.”

State v. Knight, 255 N.C. App. 802, 804, 805 S.E.2d 751, 753 (2017).

A. Denial of bond forfeiture motion

 The facts are not in dispute. Rather, the parties’ arguments concern whether,

as a matter of law, it was proper for Harrington, as a corporate officer of Surety, to

sign and file the Motion on Surety’s behalf. The Board argues that making a motion

to set aside a bond forfeiture constitutes the practice of law within the meaning of

N.C. Gen. Stat. § 84-5 and thus Harrington, who was not a licensed attorney, was

prohibited from signing and filing the Motion on Surety’s behalf. Surety, on the other

hand, argues that making a motion to set aside a bond forfeiture is not the practice

of law, and that Harrington was therefore authorized as a corporate officer to sign

and file the Motion on Surety’s behalf.

 Article 26 of the North Carolina Criminal Procedure Act contains the statutory

framework governing bail bonds in our State. N.C. Gen. Stat. § 15A-544.5, the

 -4-
 STATE V. CASH

 Opinion of the Court

relevant statute governing how and when bond forfeitures can be set aside, reads as

follows:

 (1) At any time before the expiration of 150 days after the
 date on which notice was given under [N.C. Gen. Stat.
 §] 15A-544.4, any of the following parties on a bail bond
 may make a written motion that the forfeiture be set
 aside:
 (a) The defendant.
 (b) Any surety.
 (c) A professional bondsman or a runner acting on
 behalf of a professional bondsman.
 (d) A bail agent acting on behalf of an insurance
 company.
 (2) The motion shall be filed in the office of the clerk of
 superior court of the county in which the forfeiture was
 entered.

N.C. Gen. Stat. § 15A-544.5(d) (2019). “Surety” is defined in Article 26’s “Definitions”

section as including an “insurance company, when a bail bond is executed by a bail

agent on behalf of an insurance company.” N.C. Gen. Stat. § 15A-531(8)(a) (2019).

While N.C. Gen. Stat. § 15A-544.5(d)(1) expressly authorizes a surety to make a

motion to set aside a bond forfeiture, it does not expressly indicate whether such

motion may or must be made by an attorney, see Lexis-Nexis, Div. of Reed Elsevier,

Inc. v. Travishan Corp., 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002) (adopting

the general rule that “in North Carolina a corporation must be represented by a duly

admitted and licensed attorney-at-law and cannot proceed pro se”), or made by a

corporate officer, see State v. Pledger, 257 N.C. 634, 637, 127 S.E.2d 337, 339 (1962)

 -5-
 STATE V. CASH

 Opinion of the Court

(“A corporation can act only through its officers, agents and employees.”). We must

thus determine whether signing and filing such motion constitutes the practice of law

within the meaning of N.C. Gen. Stat. § 84-5.

 Chapter 84 of our General Statutes governs attorneys-at-law. N.C. Gen. Stat.

§ 84-5 specifically concerns the “practice of law by corporation[s]” and states, in

relevant part, “It shall be unlawful for any corporation to practice law or appear as

an attorney for any person in any court in this State . . . and no corporation shall . . .

draw agreements, or other legal documents . . . .” N.C. Gen. Stat. § 84-5 (2019). “The

phrase ‘practice law’ as used in . . . Chapter [84] is defined to be performing any legal

service for any other person, firm or corporation, . . . . specifically including . . . the

preparation and filing of petitions for use in any court . . . .” N.C. Gen. Stat. § 84-2.1

(2019).

 As “a written motion that a forfeiture be set aside” to be “filed in the office of

the clerk of superior court” is, by its plain language, a “legal document” and a “petition

for use in” court, signing and filing a motion to set aside a bond forfeiture under N.C.

Gen. Stat. § 15A-544.5(d) is the practice of law within the meaning of N.C. Gen. Stat.

§ 84-5. As a corporation is prohibited from practicing law, and because “a corporation

must be represented by a duly admitted and licensed attorney-at-law and cannot

proceed pro se[,]” Lexis-Nexis, 155 N.C. App. at 209, 573 S.E.2d at 549, Harrington

was not authorized to sign and file the Motion on Surety’s behalf.

 -6-
 STATE V. CASH

 Opinion of the Court

 Surety argues that State ex rel. Guilford Cty. Bd. of Educ. v. Herbin, 215 N.C.

App. 348, 716 S.E.2d 35 (2011), controls the present case. We disagree. In Herbin,

this Court held that “filing a motion to set aside a bond forfeiture is not considered

an appearance before a judicial body in the manner contemplated by [N.C. Gen. Stat.]

§ 84-4 and, therefore, does not constitute the practice of law.” Id. at 355, 716 S.E.2d

at 39. Herbin concerned whether an individual bail agent was prohibited by N.C.

Gen. Stat. § 84-4, which governs the unauthorized practice of law by individuals, from

filing a motion to set aside a bond forfeiture. Herbin does not apply here where Surety

is a corporation that violated N.C. Gen. Stat. § 84-5, which governs the unauthorized

practice of law by corporations.

 Because we conclude that Harrington’s filing and signing the Motion on

Surety’s behalf amounted to the unauthorized practice of law within the meaning of

N.C. Gen. Stat. § 84-5, and thus Harrington was not authorized to sign and file the

Motion, we affirm the trial court’s order denying Surety’s Motion.

B. Sanctions

 Surety next argues that the trial court erred by imposing a sanction for failing

to sign the Motion. We agree.

 N.C. Gen. Stat. § 15A-544.5(d)(8) provides:

 If at the hearing the court determines that the motion to
 set aside was not signed . . ., the court may order monetary
 sanctions against the surety filing the motion, unless the

 -7-
 STATE V. CASH

 Opinion of the Court

 court also finds that the failure to sign the motion or attach
 the required documentation was unintentional.

N.C. Gen. Stat. § 15A-544.5(d)(8) (2019) (emphasis added).

 There is no dispute that Surety’s Motion was signed. The sole issue on appeal

is the legal significance and validity of the Motion’s signatory. The trial court made

no findings to support its conclusion that a sanction be imposed, or its necessarily-

implied conclusion that an unauthorized signature is the equivalent of no signature.

We thus conclude that the trial court committed an error of law in making this

equivalency and by ordering Surety to pay a sanction, and reverse that portion of the

trial court’s order.

 III. Conclusion

 Because we conclude that Surety engaged in the unauthorized practice of law

within the meaning of N.C. Gen. Stat. § 84-5 by allowing Harrington, its corporate

officer, to sign and file the Motion, we conclude that the trial court did not err by

denying the Motion. However, because we conclude that the trial court erred in

allowing the Board’s motion for sanctions and imposing a sanction against Surety, we

reverse that portion of the order.

 AFFIRMED IN PART. REVERSED IN PART AND REMANDED.

 Judges TYSON and YOUNG concur.

 -8-