State of N.C. v. Orion Processing, LLC, 2015 NCBC 48.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
13 CVS 7161

STATE OF NORTH CAROLINA, *ex rel.* ROY COOPER, Attorney General, and THE NORTH CAROLINA STATE BAR,

Plaintiffs,

v.

ORION PROCESSING, LLC, d/b/a World Law Processing, World Law Debt, World Law Group, and World Law Plan; SWIFT ROCK FINANCIAL, INC., d/b/a World Law Debt, World Law Group, and World Law Plan; DERIN ROBERT SCOTT; BRADLEY JAMES HASKINS, d/b/a World Law Group; WORLD LAW SOUTH, INC., d/b/a World Law Group; and GLOBAL CLIENT SOLUTIONS, LLC,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

OPINION AND ORDER ON PLAINTIFFS' MOTION TO DETERMINE APPLICABILITY OF THE POLICE AND REGULATORY EXCEPTION AND TO EXTEND SCHEDULING ORDER

{1}     THIS MATTER is before the Court on Plaintiffs' Motion to Determine Applicability of the Police and Regulatory Exception and to Extend Scheduling Order ("Motion").[1]  For the reasons expressed below, the Motion is GRANTED, and the Court finds that the automatic stay provided by 11 U.S.C. § 362(a) (2014) does not apply.

---

[1] The portion of this Motion requesting the extension of deadlines in the Court's December 29, 2014, Scheduling Order has been ruled upon by Order dated March 12, 2015, and will not be further addressed here.

*North Carolina Department of Justice by M. Lynne Weaver and Michael T. Henry for Plaintiff State of North Carolina ex rel. Roy Cooper, Attorney General; The North Carolina State Bar by David R. Johnson for Plaintiff The North Carolina State Bar.*

*Blanchard, Miller, Lewis & Isley, P.A. by E. Hardy Lewis for Defendants Orion Processing, LLC and Derin Robert Scott; Roberts & Stevens, P.A. by Mark C. Kurdys for Defendant Global Client Solutions, LLC*

Gale, Chief Judge.

## I.    BACKGROUND

{2}    The Court lists only the background necessary to provide context for this Order.  Background provided in the Court's April 16, 2015, Order and the Court's other Orders entered in this case is incorporated by reference.

{3}    Plaintiffs filed their original Complaint on May 22, 2013, and subsequently filed their Amended Complaint on June 25, 2014.  The Amended Complaint alleges claims of violations of the North Carolina Debt Adjusting Act and the Unfair and Deceptive Trade Practices Act,  unauthorized practice of law, and conspiracy against Orion Processing, LLC ("Orion"), Swift Rock Financial, Inc., Derin Robert Scott, Bradley James Haskins, World Law South, Inc., and Global Client Solutions, LLC.

{4}    Three other cases with similar claims against Orion are pending before state courts in Colorado, Oregon, and Illinois.

{5}    After substantial motion practice, and while several motions were calendared to be heard, Orion filed a suggestion of bankruptcy with this Court on March 1, 2015, following a voluntary petition of Chapter 11 bankruptcy in the United States Bankruptcy Court for the Western District of Texas ("Bankruptcy Court") filed on February 27, 2015.  Because of the suggestion of bankruptcy, the Court cancelled its hearing on pending motions and Plaintiffs deferred further discovery until resolution of the issue of the stay.

{6} On March 10, 2015, Plaintiffs filed the instant Motion, seeking a ruling that the stay provided by § 362(a) is exempted from this action under the "police powers exception" provided in § 362(b)(4).

{7} In its brief opposing the Motion, and in statements made at a status conference held on April 2, 2015, Orion expressed that it would prefer to seek a single, binding ruling from the Bankruptcy Court regarding whether the stay applied both to this action and to other state proceedings in which Orion is involved. The Court deferred ruling on the Motion pending a further update from Orion regarding whether it had sought or secured such a ruling.[2]

{8} On April 14, 2015, Orion filed a report as to the status of the action in the Bankruptcy Court, stating that Orion would seek a ruling in that court on the applicability of the stay if the action in this Court were to continue, but failing to indicate that any action had been taken to obtain such a ruling. The Court has not been advised of any proceeding before the Bankruptcy Court to resolve any common issues among the various state actions.

{9} On April 16, 2015, the Court set a briefing schedule for optional, supplemental briefing in support of, or in opposition to, the Motion. Any supplemental brief was due from Plaintiffs on or before April 22, 2015, any supplemental response was due by May 1, 2015, and any reply was due on May 6, 2015. No such further briefing was filed.

## II.   ANALYSIS

{10} Generally, the filing of a petition for bankruptcy provides an automatic stay of all proceedings against the debtor. 11 U.S.C. § 362(a). However, an exception is made for the "commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power." *Id.* § 362(b)(4). It is well settled that trial courts have concurrent jurisdiction with the Bankruptcy Court to determine the applicability of

---

[2] The Court also recognized the potential that a proceeding in the Bankruptcy Court might effectively resolve common issues presented in Orion's multiple state proceedings.

the police and regulatory exception to the stay. *See, e.g., In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d. Cir. 1985) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay."). Orion has not contended otherwise.

{11}  The definition of "governmental units" provided in the United States Bankruptcy Code includes States, state departments, and state agencies. 11 U.S.C. 101(27). It is manifest that the State of North Carolina is a governmental unit and that the North Carolina State Bar ("State Bar") is a state agency. *See* N.C. Gen. Stat. § 114-1 (2014) (creating the North Carolina Department of Justice, under supervision of the Attorney General); N.C. Gen. Stat. § 84-15 (2014) ("There is hereby created as an agency of the State of North Carolina, for the purposes and with the powers hereinafter set forth, the North Carolina State Bar.").

{12}  There are two recognized tests to determine whether the actions of the North Carolina State Bar and the State of North Carolina constitute exercises of their police and regulatory powers: (1) the pecuniary purpose test and (2) the public policy test. *In re Clifton*, 441 B.R. 44, 48 (Bankr. M.D.N.C. 2010). The analysis in *Clifton* is instructive:

> First, the pecuniary purpose test asks whether the government primarily seeks to protect a pecuniary governmental interest in the debtor's property, as opposed to the protection of the public safety and health. By contrast, the public policy test asks whether the government is effectuating public policy or adjudicating private rights. If the purpose of the law is to promote public safety and welfare, or to effectuate public policy, then the exception to the automatic stay applies. If, on the other hand, the purpose of the law relates to the protection of the government's pecuniary interest in the debtor's property or to adjudicate private rights, then the exception is inapplicable.
>
> Second, in determining whether the governmental action satisfies the public policy test, the inquiry is objective: we examine the purpose of the law that the state seeks to enforce rather than the state's intent in enforcing the law in a particular case.

*Id.* (citations omitted) (internal quotation marks omitted).

{13}    Plaintiffs' action satisfies the requirements of both tests.  The gravamen of Plaintiffs' allegations relate to the unauthorized practice of law and violations of the prohibition on unlawful debt adjustment.  (*See* Compl. ¶¶ 139–60; N.C. Gen. Stat. §§ 14-423 to -426; *Id.* §§ 84-4 to -5.)  The statutes upon which Plaintiffs base their claims are intended to protect North Carolina citizens from unscrupulous behavior.  *See State v. Pledger*, 257 N.C. 634, 637, 127 S.E.2d 337, 339 (1962) ("The [unauthorized practice of law statute's] purpose is for the better security of the people against incompetency and dishonesty in an area of activity affecting general welfare."); *cf.* N.C. Gen. Stat. §§ 14-423 to -426 (falling under Subchapter XI of the North Carolina Statutes, entitled "General Police Regulations.").  Plaintiffs are not protecting their own pecuniary interest but instead are attempting to effectuate public policy and promote the safety and welfare of North Carolina citizens.  Therefore, the police powers exception to the automatic bankruptcy stay applies, and this action should proceed notwithstanding Orion's bankruptcy petition.

{14}    In reaching its conclusion, the Court acknowledges that Defendants have challenged or may challenge the merits of Plaintiffs' claims.  The Court need not address the merits of the claims to determine whether it may proceed with the action.

### III.    CONCLUSION

{15}    Because the police powers exception serves to prevent a stay of this litigation, Plaintiffs' Motion is GRANTED.  This Court will calendar this matter for a status conference to occur within thirty days of the entry of this Opinion.

This the 12th day of May, 2015.


/s/ James L. Gale
—————————————————
James L. Gale
Special Superior Court Judge