BERGER, Judge.
 

 *230
 
 The Wilson County Board of Education ("the Board") appeals the February 23, 2017 order, which granted a petition for the remission of a bond forfeiture filed by Agent Associates Insurance, LLC (the "Surety") through its bond agent Roland M. Loftin, Jr. ("Loftin"). The Board argues that the petition for remission did not provide statutorily required evidence to support the Surety's motion, and in partially granting the relief sought by the Surety, the trial court erred. We agree, and reverse the order of the trial court.
 

 Factual and Procedural Background
 

 In November 2015, Devon Shamark Crooms ("Defendant") was on trial for being an accessory before the fact to murder. Prior to his
 
 *231
 
 trial, Defendant had been placed on pretrial release
 
 [1]
 
 through the Wilson County Sheriff's Department. As a condition of his release, Defendant was equipped with an electronic-monitoring device worn on his ankle. An individual with the Wilson County Sheriff's Department monitored the device and would receive an alert if it was tampered with or removed.
 

 Defendant was present in court for his trial when the State presented its case in chief. After all evidence had been presented to the jury, and immediately following the charge conference, Defendant left the courtroom during the lunch recess on November 19, 2015. While out of the courtroom, Defendant
 
 *406
 
 removed his electronic-monitoring ankle bracelet and absconded. After Defendant failed to return for the remainder of the trial, it was completed in his absence. An order for Defendant's arrest was entered on the day he had absconded, and Defendant was eventually arrested near Miami, Florida.
 

 As an additional condition for Defendant's pretrial release, bail had been set at $50,000.00. To cover bail, Defendant paid $1,400.00 of the $3,000.00 premium to have a $50,000.00 appearance bond issued by Loftin as bail agent for the Surety. Because Defendant had absconded from trial, the Wilson County Clerk of Court issued a Bond Forfeiture Notice on November 23, 2015.
 

 Loftin testified at the hearing on his petition for remission of the bond forfeiture that after Defendant fled, Loftin went to great lengths to return Defendant into custody. Loftin testified that he had spent approximately $80,000.00 and traveled as far as New Jersey in an attempt to find Defendant and return him to custody. Loftin filed a motion to set aside the bond forfeiture on March 7, 2016. On May 19, 2016, the motion was denied, and a final judgment of forfeiture of the $50,000.00 bond was entered by the trial court and satisfied by the Surety.
 

 On December 20, 2016, the Surety filed its Petition for Remission from Final Judgment of Forfeiture contending that there were extraordinary circumstances that would justify relief from the bond forfeiture. On February 23, 2017, the trial court found that extraordinary circumstances existed, and noted the following during the hearing on the petition:
 

 In this particular case I see nothing that the bail agent did wrong up until the defendant had left court. He brought
 
 *232
 
 him to court every time he was scheduled to be in court. And even on this particular occasion he brought him to court and the man left after trial was in progress and the matter was ready to go to the jury.
 

 Now a bail agent doesn't sit with a defendant seven days a week, 24 hours a day and does not have the ability to move that person in and out.
 

 And in this particular case this individual was on a pretrial monitor and he walked away from the pretrial monitor as well as the bail agent. ... [C]ertainly the sheriff would have gotten the first warning to be the first responder. Is not there equal, based on release, liability on the sheriff as also on the bail agent?
 

 ...
 

 And in this particular case, because of the severity [of the offense], the agent never could have signed the bond if the person were not hooked up to a monitor. So then in that particular case, is there equal liability on the sheriff as well as the bail agent?
 

 ...
 

 I mean isn't that the real reason that we even have pretrial monitors? If not, if not, then all you got to do is just do away with the bail agents. Maybe that's the way we're going. Just hook everybody up to a monitor. And then if they run, then who does the School Board sue then?
 

 ...
 

 [Factors to] consider are the diligence of the surety of staying abreast of the defendant's whereabouts prior to the date of appearance. Because he brought him here. He got him here. He came. Not one day. He came two days. And then three days. And then in the middle of the trial something happened and he didn't come back. They were in trial.
 

 The trial court then ordered the Board to remit $7,500.00 to the Surety.
 

 The Board timely appeals, arguing that Surety's motion for relief did not comply with the requirements of N.C. Gen. Stat. § 15A-544.8, and
 
 *233
 
 thus, the trial court erred in granting Surety's motion for relief. We agree and reverse.
 

 Analysis
 

 The requirements for seeking and allowing relief from a final judgment of forfeiture are set forth by statute, and "[t]here is no relief from a final judgment of forfeiture except as provided in this section." N.C. Gen. Stat. § 15A-544.8(a) (2017). A court may grant relief from a final judgment of forfeiture only when "extraordinary circumstances exist that the court, in its discretion, determines should entitle that person to relief," or when notice
 
 *407
 
 was not properly given to the person seeking relief. N.C. Gen. Stat. § 15A-544.8(b).
 

 For a party to obtain relief from a final judgment of forfeiture, Section 15A-544.8(c) sets forth the following procedure:
 

 (1) At any time before the expiration of three years after the date on which a judgment of forfeiture became final, any of the following parties named in the judgment may make a written motion for relief under this section:
 

 a. The defendant.
 

 b. Any surety.
 

 c. A professional bondsman or a runner acting on behalf of a professional bondsman.
 

 d. A bail agent acting on behalf of an insurance company.
 

 The written motion shall state the reasons for the motion and set forth the evidence in support of each reason.
 

 (2) The motion shall be filed in the office of the clerk of superior court of the county in which the final judgment was, entered. The moving party shall, under G.S. 1A-1, Rule 5, serve a copy of the motion on the district attorney for that county and on the attorney for the county board of education.
 

 (3) A hearing on the motion shall be scheduled within a reasonable time in the trial division in which the defendant was bonded to appear.
 

 *234
 
 (4) At the hearing the court may grant the party any relief from the judgment that the court considers appropriate, including the refund of all or a part of any money paid to satisfy the judgment.
 

 N.C. Gen. Stat. § 15A-544.8(c) (emphasis added). In construing this Section, this Court's duty is "to carry out the intent of the legislature. As a cardinal principle of statutory interpretation, if the language of the statute is clear and is not ambiguous, we must conclude that the legislature intended the statute to be implemented according to the plain meaning of its terms."
 
 State v. Dunn
 
 ,
 
 200 N.C. App. 606
 
 , 608-09,
 
 685 S.E.2d 526
 
 , 528 (2009) (
 
 purgandum
 

 [2]
 
 ).
 

 Based upon the plain language of the statute, the motion for relief from the judgment of forfeiture was required to "state the reasons for the motion and set forth the evidence in support of each reason." N.C. Gen. Stat. § 15A-544.8(c)(1). The motion filed by the Surety seeking relief from the forfeiture merely alleged that "there were extraordinary circumstances ... that would justify a relief under N.C. Gen. Stat. § 15A-544.8 from the bond forfeiture, said circumstances to be presented via affidavit and/or testimony at the hearing on this Motion." Beyond stating "extraordinary circumstances" as the reason for the motion, the Surety failed to comply with the statutory requirement to set forth evidence. Because of the deficiencies of the Surety's motion, the trial court had no grounds on which to grant the motion, and it should have been summarily denied. Therefore, this failure of the Surety to comply with the plain language of the statute compels us to reverse the order of the trial court.
 

 REVERSED.
 

 Judges HUNTER and INMAN concur.
 

 [1]
 

 Counsel for the Board failed to include in the record a standard AOC-CR-200 form describing the conditions of pretrial release for Defendant. There may have been other relevant conditions of pretrial release, and those stated herein are based on our review of the record and the transcript of the hearing.
 

 [2]
 

 Our shortening of the Latin phrase "
 
 Lex purgandum est
 
 ." This phrase, which roughly translates "that which is superfluous must be removed from the law," was used by Dr. Martin Luther during the Heidelberg Disputation on April 26, 1518 in which Dr. Luther elaborated on his theology of sovereign grace. Here, we use
 
 purgandum
 
 to simply mean that there has been the removal of superfluous items, such as quotation marks, ellipses, brackets, citations, and the like, for ease of reading.